## POETKER, RECEIVER, v. TINDLE ET AL.

[No. 6,995. Filed March 8, 1910.]

1. APPEAL.—*Weighing Evidence.*—Where there is any evidence supporting the facts essential to the judgment appealed from, it will be affirmed on appeal. p. 456.

2. BILLS AND NOTES.—*Evidence.*—*Questions for Jury.*—Whether the maker of a note deposited it in bank to cover a possible overdraft, and whether he received credit therefor as a deposit, are questions for the court or jury trying the case. p. 456.

From Dubois Circuit Court; *E. A. Ely,* Judge.

Action by Fred H. Poetker, as receiver of the People's State Bank, against Harve Tindle and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*R. W. Armstrong* and *Leo H. Fisher,* for appellant.

*Crow & Sumner, David D. Corn* and *Ely & Greene,* for appellees.

COMSTOCK, J.—Action by appellant against appellees on a promissory note given to the People's State Bank of Huntingburg, Indiana, for the sum of $700, and dated August 21, 1905. The complaint as originally filed in the Pike Circuit Court consisted of two paragraphs. Upon change of venue to the court below the first paragraph was dismissed. To the second paragraph appellees answered in five paragraphs: (1) No consideration; (2) payment; (3) *non est factum;* (4) no consideration and that said note was deposited as collateral only; (5) general denial. Appellees also filed a cross-complaint in two paragraphs. The first alleges no consideration for the note in controversy, asks that the appellant be ordered to surrender said note, and that it be declared void. The second paragraph, in substance, alleges that the defunct bank, of which appellant is receiver, was organized and was, until placed in the hands of appellant as receiver, doing a general banking business under the laws of the State of Indiana; that during appellee Tindle's business

relations with said bank (January 28, 1903, to October 15, 1906) he deposited with said bank the sum of $27,858.30, and that during that time said Tindle drew out by check, draft and otherwise the sum of $26,899.58; that there is now, and was at the date of the filing of this suit, in the possession of said bank and said receiver the sum of $958.72 belonging to said Tindle; that said bank refused to pay said sum or any part thereof; that said sum is now due and unpaid. Appellees also filed answer by way of set-off, setting up substantially the same facts as alleged in the second paragraph of cross-complaint, and asking that said indebtedness be set off against any sum that might be found due to appellant.

To each of said affirmative answers and to each paragraph of cross-complaint and set-off, respectively, appellant filed a general denial. Upon the issues thus formed the cause was tried by the court, resulting in a finding for defendants on plaintiff's complaint and the answers thereto, and against defendants on their cross-complaint. Over appellant's motion for a new trial judgment was rendered in accordance therewith.

The ruling on the motion for a new trial is assigned as error, and upon this appeal the sufficiency of the evidence to sustain the finding and judgment of the court is challenged. If there is competent evidence to support every material point involved, the judgment should be affirmed; but if there is an entire failure of proof as to a fact essential to support the judgment, it should be reversed.

An examination of the evidence discloses that on August 21, 1905, appellee Tindle executed the note sued on to the receiver's bank, with appellees Davidson and Vaughn as sureties. The bank became insolvent and appellant was appointed its receiver on January 14, 1907. Tindle could neither read nor write, except that he had

learned to write his own name, but had been doing business with and had been a customer of said bank for several years, and, in the course of his business, had deposited therein from January 28, 1903, to October 15, 1906, the sum of $27,858.30, and during that period had withdrawn $26,411.01, leaving a balance due him of $1,447.29. By his testimony the only method Tindle had of keeping account of his dealings with said bank was by checks returned and by statements sent to him by the bank from time to time. Tindle was engaged in the business of buying cattle and other stock. His account with said bank at times was largely in his favor and at other times it was overdrawn. In November, 1904, defendant Tindle, to protect the bank from his overdraft, executed a note (the note upon which the first paragraph of complaint was based), for $700. Said note was executed for the sole and only purpose of covering any overdraft Tindle might make and to protect the cashier from censure in allowing him to overdraw his account. This note was signed by Tindle, Davidson and Vaughn. Tindle at no time discounted said note and at no time had the proceeds placed to his credit. On August 21, 1905, the cashier informed Tindle that said note was lost, and requested him to make another, which was done, and the new note was placed as collateral, securing against any overdraft, and was not to be discounted and not to be placed to Tindle's credit. As to the purpose of the execution of the second note, whether it was discounted and whether appellee Tindle was given credit therefor, there is conflicting testimony. Said appellee testified that it was given only to take the place of the first note, and that it was never discounted and never placed to his credit. Circumstances are shown which corroborate said testimony. There is also a conflict as to whether Tindle ever paid any interest on the note in question. There is evidence that cashier Behrens, during the history of this transaction, gave as excuses for not returning to Tindle the note

at a time it was to have been surrendered to him, that there was nothing due thereon; that it would not cause him any trouble; that it had not been discounted; that he had misplaced it, but as soon as he found it he would send it to him. Witness Behrens did not in terms dispute this, but said that he did not remember. Tindle kept a combination deposit and check book, in which the cashier noted down the items of his account whenever he made a deposit in person. He took this book to the bank the day he left the note, and no one entered a deposit thereon to his credit. One witness testified that he saw Tindle's pass-book on the day he took said note to plaintiff's bank immediately after he (Tindle) returned therefrom, and that no credit for $700 or for any other sum was entered therein for that day.

The evidence is voluminous, extending over 700 pages of typewritten matter. The questions depend upon the evidence alone. To attempt to set out and comment upon its inconsistencies and contradictions would make this opinion a very long one without any corresponding profit. The evidence is both documentary and oral. Leaving, under the well-recognized rule, to the trial court its weight and credibility, it is sufficient on all material points to sustain the finding and judgment.

Judgment affirmed.