## EVERITT, SEEDSMAN, v. BASSLER.

[No. 3,132.   Filed May 29, 1900.   Rehearing denied Oct. 4, 1900.]

APPEAL AND ERROR.— *Pleading.* — Available error cannot be predicated upon the action of the court in overruling a motion to require plaintiff to separate into paragraphs the causes of action improperly joined.  *p. 304.*

CONTRACTS.—*Breach.—Contracts by Correspondence.—Complaint.* — In an action for breach of contract of employment made by correspondence in which it was alleged that on a certain date plaintiff made his proposal by letter, stating the terms under which he would enter into the employment of defendant, and defendant, by letter, unconditionally accepted plaintiff's terms, the minds of the contracting parties met, and the contract was complete, and it was not necessary to make any previous correspondence a part of the complaint.  *pp. 304-307.*

EVIDENCE.—*Contracts by Correspondence.—Harmless Error.*—In an action for a breach of contract of employment entered into by correspondence, the introduction in evidence of letters which passed between the parties prior to those in which the proposal was made and accepted was harmless, where there was nothing in such letters which would vary the contract sued upon.  *pp. 307, 308.*

From the Marion Superior Court.   *Affirmed.*

*J. E. Florea, G. Seidensticker* and *C. A. Dryer,* for appellant.

*R. W. McBride* and *C. S. Denny,* for appellee.

HENLEY, J.—This was an action for damages growing out of the breach of contract.   The first paragraph of complaint declares upon a verbal contract; the second upon a written contract.

Appellant, a corporation, filed a written motion directed to each paragraph of complaint, asking that appellee be required to separate the causes of action, improperly joined therein, into paragraphs, and number them, which motion the court overruled.   Appellant's demurrer was also overruled to each paragraph of complaint; thereupon appellant filed four paragraphs of answer addressed to each paragraph

of complaint and a counterclaim in one paragraph. Appellee replied the general denial. The cause was submitted to the court for trial, which resulted in a judgment for appellee. Appellant's motion for a new trial was overruled.

The first question presented to this court arises out of the ruling of the lower court in overruling appellant's motion to require appellee to separate the causes of action improperly joined in each paragraph of complaint into paragraphs and to number them. It is not necessary that we examine into the merits of this motion, as the ruling of the court in any event was not available error and could not result in a reversal of the judgment. It would seem that the cases cited by appellant's counsel were directly in point, but the later decisions of the Supreme Court are squarely in conflict with the rule contended for by counsel. See *Wabash, etc., R. Co.* v. *Rooker*, 90 Ind. 581; *Mansfield* v. *Shipp*, 128 Ind. 55; *Richwine* v. *Presbyterian Church*, 135 Ind. 80; *Shaw* v. *Ayres*, 17 Ind. App. 614.

The next question arises upon the ruling of the lower court in overruling the demurrer to each paragraph of complaint. It is averred in the first paragraph of complaint that on the 15th day of January, 1897, appellee was employed by appellant to work for appellant as salesman and manager in appellant's seed store in Indianapolis, said employment being for the term of one year, for which service appellee was to receive the sum of $15 per week payable at the end of each week. That on said day appellee entered upon said work and continued at said work until the 24th day of September, 1897, when appellant discharged him without cause, and refused to allow him to continue in said employment; that appellee has performed all of the conditions of said contract and agreement upon his part to be performed, and was ever ready, able, and willing to comply with the same; that he has been unable to obtain other employment elsewhere, and has lost his wages, profits, and advantages which he could have derived from said employment, to his damage in the sum of $285.

This paragraph of complaint was sufficient to withstand a demurrer for want of facts. The statement in the complaint that a certain amount was due and unpaid for services rendered under the contract of employment before appellee was discharged does not lessen the force of the material averments charging a breach of the contract and resulting damages.

The second paragraph of complaint declares upon a written contract of employment. The contract was made by correspondence which passed between the parties prior to the time appellee began work. The complaint being upon a written contract, it was necessary to the sufficiency of the complaint that the contract should be made a part of the complaint. It is argued by counsel for appellant that all the correspondence which went to make up the contract is not made a part of the complaint. Without stating in this opinion a great many of the allegations of the second paragraph of complaint leading up to the correspondence, which appellee contends was the contract of employment and which is made a part of his complaint, we set out only that part material to the discussion. On the 4th day of January, 1897, appellee addressed a letter to appellant, which in the due course of mail was received by appellant. This letter was as follows: "Philadelphia, Pa., Jan. 4, 1897. J. A. Everitt, Indianapolis, Ind. Dear Sir: Yours of Jan. 1st to hand. From it I infer that you offer me a position at $15 per week for the year 1897 in addition to the money advanced for transportation, providing I do not leave you during the year. This makes a total of 52x15 equals 780 plus $75 equals $855. That is $855 to be paid during the year. If I am correct please advise me. I will accept it and have sent in my resignation which I hope lets me off Saturday eve so that I can get off by the middle of next week and report to you by Jan. 14th. At any rate I will lose no time in coming. Your letter will reach me on Thursday which will confirm my impression. As to leaving

you, I would not come if I thought there was the slightest danger, as I can have a position in New York at better salary in two or three weeks, but I prefer your place and Indianapolis under the circumstances. Awaiting your reply, I am Respt'y, H. R. Bassler, 2436 No. 32½ St."

On the 6th day of January, 1897, appellant wrote and mailed to appellee the following letter in reply to the above, which reply was in the due course of mail received by appellee at Philadelphia.

"Indianapolis, Ind., Jan. 6, 1897. H. R. Bassler. Dear Sir: Your letter came this morning. We reply at once, and will say your understanding is correct, and you should lose no time in making the change. Truly, J. A. Everitt Seedsman."

It is said in the case of *Havens* v. *American Fire Ins. Co.,* 11 Ind. App. 315: "It is well settled that a proposition made by one party by letter to another party at a distance, containing a specific offer which is unconditionally accepted by the latter, will constitute a valid contract between them. The primary question in such case is whether the correspondence shows an agreement upon which the minds of the parties met, or whether the negotiations are inchoate and unperfected until something should intervene and be determined in order to give it full effect." It does not matter what letters may have passed between the parties to this action prior to the letter of January 4, 1897, although appellee's letter of that date refers to prior correspondence. On January 4th, appellee made his proposal by letter stating the terms under which he would enter into the employ of appellant. On the 6th day of January of the same year, appellant, by letter, unconditionally accepted appellee's terms. The minds of the contracting parties met and a valid contract existed between them. It is alleged that appellee performed all the stipulations of said contract upon his part, but that appellant failed to perform the agreement upon its part, and without cause discharged appellee to his

Everitt, Seedsman, *v.* Bassler.

damage.   This paragraph of complaint also contains the averment that appellee has been unable to obtain other employment since his wrongful discharge by appellant, although he had diligently sought for work.   The second paragraph of complaint is not subject to the objections urged against it by appellant's counsel.

We next pass to the questions presented by appellant's motion for a new trial.   It is insisted that the amount of recovery is erroneous and excessive, and that there is an entire want of evidence to support the judgment.   Counsel for appellee in their brief say that they base their right to recover in this cause solely on the second paragraph of complaint, which declares upon a written contract; hence we will not consider the argument of appellant's counsel based upon the insufficiency of the evidence to support the first paragraph of complaint.   Upon the second paragraph of complaint, appellee introduced evidence to support every material allegation of his complaint.   He was compelled to follow the theory of his complaint and to support that theory with competent evidence upon every material allegation.   The correspondence which appellee made a part of his complaint, and which he alleges was the contract entered into with appellant, was introduced in evidence upon the trial.   Appellee also introduced evidence tending to prove the breach of this contract upon the part of appellant, its performance on the part of appellee, and the damages resulting to appellee by the action of appellant in refusing to perform its part of the contract.   This evidence supported the theory of the complaint, and this court will not pass upon the weight to be given it.   The introduction in evidence of other letters which passed between the parties prior to January 4, 1897, was improper, under the averments of the second paragraph of complaint, but might have been proper under the averments of the first paragraph of complaint as tending to establish a contract, part in writing and part in parol.   Their introduction, in

any event, was harmless, because there was nothing in the letters which would change or vary the contract sued upon.

Appellant had the burden of proof to establish its counterclaim. That appellant had a perfect right to discharge appellee, if there was a breach of the contract of employment upon appellee's part, there can be no doubt. Neither the motive that prompted the discharge nor the intention of appellant could be inquired into. The only issue to be established in such case is whether there was a breach of the contract of employment upon the part of the servant. Wood on Master and Servant, 229 ; *Pape* v. *Lathrop*, 18 Ind. App. 633.

The testimony of appellant was in conflict with that of appellee upon the issue raised by appellant's counterclaim. The question was passed upon by the lower court. The whole record shows that upon every issue appellant was given a fair and impartial hearing. We find no error. Judgment affirmed.