## SCHWARTZ v. NIE ET AL.

[No. 4,215.    Filed June 18, 1902.]

WATERS AND WATERCOURSES.—*Drains*.—In a proceeding to enjoin the construction of certain ditches, the court's finding shows that the water was flowing in a certain direction through a definite channel, with bed and banks; that the water did not flow in the channel at all times in the year, but that there were at all times substantial indications of a stream. *Held*, that the facts showed the existence of a natural watercourse. *pp. 329-331*.

SAME.—*Drains*.—Constructing a ditch over and along a natural watercourse so that the waters thereof were confined within the artificial channels of the ditch does not change its character as a natural watercourse. *p. 331*.

SAME.—*Drains*.—The owner of an upper estate can not be enjoined from permitting the water from his lands to flow its natural way, even though the lower estate be injured thereby. *p. 331*.

From Huntington Circuit Court; *W. J. Vesey*, Special Judge.

Suit by Daniel Schwartz against William Nie and others to enjoin the construction of certain ditches. From a judgment for defendants, plaintiff appeals. *Affirmed*.

*B. M. Cobb* and *R. A. Kaufman*, for appellant.

*O. W. Whitelock*, *S. E. Cook* and *C. W. Watkins*, for appellees.

HENLEY, P. J.—This was an action for an injunction to prevent the construction of certain ditches which appellant avers would cause an unusual and unnatural flow of water to be thrown upon his land. The court granted a temporary restraining order, and upon the trial made a special finding of facts, and stated conclusions of law thereon. The question upon appeal is presented by the

exception to the conclusions of law. Appellant does not deny but that the facts found are correct, and has made no attempt to bring the evidence into the record. The court found the facts at great length. Each separate finding refers to a certain plat which is filed with the special findings, and is part of the record. We do not believe that it would serve any useful purpose to place in the reports this plat, together with an abstract of the court's finding of facts. We think it sufficient to set out findings eighteen, nineteen, twenty, twenty-one, and twenty-two, which settle the question involved, adversely to the appellant, and which are as follows: "(18) That said defendants do not propose to, nor will said proposed drain, drain into said Meese ditch the water falling upon any lands different from that which already drain therein, and which naturally flow in that direction. (19) That the construction of said ditch as proposed by said defendants will cause the said water to reach the said Meese ditch in less time than it would without the construction thereof, and to some extent tend to increase the flowage of water in the said Meese ditch. (20) That in its present condition said Meese ditch is insufficient to carry off the water flowing therein in times of high water, and the same overflows portions of the land of the said plaintiff Schwartz. (21) That the construction of said proposed ditch by said defendants will increase the flowage over plaintiff's land to an appreciable extent, which I find to be one-half acre more than it would otherwise overflow. (22) That by said additional flowage of water, one-half acre of the land of the defendant would be rendered useless for a portion of the year, and he would be damaged thereby in the sum of one dollar per annum."

Upon the finding of facts the court correctly concluded that the temporary restraining order be dissolved, and that appellant take nothing by his suit. The finding shows that the water was flowing in a certain direction through a definite channel with bed and banks. The water did not flow

in the channel at all times in the year, but there was at all times substantial indications of the existence of a stream. These facts undoubtedly show that appellee was causing the water from his land to flow into a natural watercourse. *Board, etc.,* v. *Wagner,* 138 Ind. 609; *Schlichter* v. *Phillipy,* 67 Ind. 201; *Hebron, etc., Co.* v. *Harvey,* 90 Ind. 192, 46 Am. Rep. 199; *Rice* v. *City of Evansville,* 108 Ind. 7, 58 Am. Rep. 22. The facts found also show that the land was drained through the natural outlet for the water. The fact that a ditch had been constructed over and along this natural watercourse, so that its waters were confined in the artificial channel of the ditch, does not change its character as a natural watercourse.

Appellees, owning an upper estate, could not be enjoined from permitting the water from their lands to flow its natural way, even though the lower estate, owned by appellant, be thereby injured; but the owner of an upper estate can not collect the waters falling upon his land into a ditch, and hurl the collected volume in a flood upon the lower estate to its damage. *Culbertson* v. *Knight,* 152 Ind. 121. It will be seen from the finding that the trial court determined from the evidence that appellant's damages from this source were merely nominal, and such a judgment was rendered in favor of appellant.

We find no available error. Judgment affirmed.