## Muncie Pulp Company *v.* Koontz.

[No. 5,014.   Filed May 11, 1904.   Rehearing denied October 13, 1904.]

Pleading.—*Complaint.*—*Appeal and Error.*—*Harmless Error.*—In an action for injuries sustained by the pollution of a stream and for an injunction, where it was not claimed that the complaint did not show a cause of action for damages for injuries already accrued, and no equitable relief was included in the judgment, the Appellate Court is not authorized to treat the ruling on demurrer as reversible error merely because, though showing a cause of action at law, it did not also show facts sufficient for the additional equitable relief sought.   *pp. 534, 535.*

Appeal and Error.—*Harmless Error.*—*Trial by Jury.*—Where, in an action for injuries sustained by the pollution of a stream, and for an injunction, the court in its instructions did not submit to the jury any

Muncie Pulp Co. v. Koontz.

questions except those relating to the issue at law, and the only re-
lief given by the judgment was the award of damages, available error
can not be predicated on the action of the court in overruling defend-
ant's motion for a trial by the court without a jury. *p. 535.*

WATERS AND WATERCOURSES.—*Relative Rights of Upper and Lower Ripa-
rian Proprietors.*—An upper riparian proprietor has a right to a reason-
able use of the natural stream for manufacturing purposes, and a lower
riparian proprietor has the right to a reasonable use thereof for his
own benefit for domestic and agricultural purposes; and the lower pro-
prietor can recover damages for the use made by the upper proprietor
only where the latter has made some unreasonable use, which wholly
deprives the former of his right, or practically, in some perceptible and
substantial degree, diminishes or impairs the equal and common right
of the lower proprietor. *pp. 536, 537.*

SAME.—*Pollution.*—*Question of Fact.*—Whether or not the throwing or dis-
charging of waste or impure matter into the stream, in a given case,
would be a reasonable use of the stream, is a question of fact to be de-
termined by the jury. *pp. 537–539.*

APPEAL AND ERROR.—*Instructions.*—*Determining Effect by Answers to Inter-
rogatories.*—In examining instructions given to the jury for the purpose
of determining whether or not the giving thereof constituted reversible
error, the Appellate Court may properly consider the apparent effect of
the instructions upon the jury by referring to the special findings in
answer to interrogatories. *pp. 539, 540.*

From Henry Circuit Court; *W. O. Barnard,* Judge.

Action by J. Harve Koontz against the Muncie Pulp
Company. From a judgment for plaintiff, defendant
appeals. *Affirmed.*

*J. W. Ryan, T. L. Ryan* and *A. W. Brady,* for appel-
lant.

*M. E. Forkner* and *G. D. Forkner,* for appellee.

BLACK, J.—This cause was transferred from the Su-
preme Court, having been commenced in the Delaware Cir-
cuit Court, from which the venue was changed to the court
below. It was an action brought by the appellee, as the
owner of lands which he used for agricultural purposes and
as a place of residence, to recover damages for past injuries
caused by the pollution of an ancient natural stream named
Buck creek, which bordered upon a portion of the lands,
and ran through another portion thereof, the pollution being
caused by the discharge into the stream, some miles above

the appellee's lands, of deleterious matter from the appellant's pulp-mill, and also to obtain an injunction restraining the appellant from discharging the refuse matter from its factory. A demurrer to the complaint for the want of sufficient facts having been overruled, a number of paragraphs of answer and a reply were filed, and the cause was tried by jury; the court having overruled the motion of the appellant that the issues be tried by the court without the intervention of a jury, on the alleged ground that the cause was a suit for injunction in which the relief asked by way of damages was merely incidental to the relief asked by way of injunction, and that the cause was one which prior to June 18, 1852, was of exclusive equitable jurisdiction. The jury returned a general verdict for the appellee, and assessed his damages at $1,600. The jury also returned special findings in answer to interrogatories submitted, by which special findings it was shown, amongst other things, that the amount awarded by the verdict was assessed as damages for the six years preceding the commencement of the action, for depreciation in the value of the use of the appellant's real estate, and for discomfort or inconvenience caused to the appellant. The appellant's motion for a new trial having been overruled, the court rendered an ordinary judgment at law in favor of the appellee against the appellant for the amount so awarded as damages by the general verdict and costs.

The objections urged in the brief for the appellant against the complaint all relate to the question as to its sufficiency as a complaint for equitable relief by way of injunction. No matter having been decided by the jury except the issue as to the past injury, and the amount of damages to which the appellee was entitled for that injury, and no equitable relief being included in the judgment, which related solely to relief at law pursuant to the verdict, and it not being claimed that the complaint did not show a cause of action for damages for injury already accrued,

we would not be authorized to treat the ruling on demurrer as reversible error merely because, though showing a cause of action at law, it did not also show facts sufficient for the additional equitable relief sought.

The cause of action at law was not dependent for its existence upon the existence also of grounds for an injunction, and as the court, in its instructions, did not submit to the jury any questions except those relating to the issue at law, and the only relief given by the judgment was the award of damages in accordance with the verdict, there could be no available error in overruling the appellant's motion for a trial by the court without a jury.

Counsel for the appellant assail the sixth instruction to the jury. It is as follows: "If you find from the evidence that the defendant, at the time this suit was brought, was, and had been for several years prior thereto, the owner and operator of a pulp-mill situated near said stream, and was, and had been during said time, engaged in manufacturing pulp at its said mill from wood, by use of certain processes, appliances, and certain chemicals; that the plaintiff was at the time, and had been for many years, the owner and in possession of the lands described in plaintiff's complaint; that said lands were situated on said stream, some miles below the situation of said pulp-mill, and the said stream ran through or bordered upon the same; that the defendant took its water supply from said stream above its said mill, and returned the same, or a portion thereof not consumed, into said stream below its said factory; that said water so returned to said stream by the defendant, if any, was caused or permitted by the defendant to be polluted or charged with chemicals, lime, or other substances, and to flow into said stream so charged, to any extent, and the same flowing down to the plaintiff's lands worked any injury to the plaintiff or his property—the defendant would be liable for any injury that the plaintiff suffered by reason thereof."

In another instruction, to which the appellant excepted—the eleventh—the court told the jury that the owner of land through which a natural watercourse runs has a right to make reasonable use of the stream for manufacturing purposes, and may, in the exercise of such reasonable right, cast waste matter into the stream, if he does not thereby cause injury to the owners of lands along the stream.

It is undoubtedly true that the appellant, being a riparian owner, had the right to a reasonable use of the natural stream for manufacturing purposes; and it is no less true that the appellee, a lower riparian proprietor, had the right to a reasonable use for his own benefit of the natural stream for domestic and agricultural purposes, and the upper proprietor had no right by the unreasonable use of the stream, though beneficial for himself, to deprive the lower proprietor, to any measurable extent, of what should be regarded, under all the circumstances, as a reasonable use by him for domestic and agricultural purposes.

So far as an impure condition of the water of a natural stream as it comes to a riparian owner results from a reasonable use of the stream by an upper proprietor, in accordance with the common right of all riparian owners to the use of the stream, the lower proprietor has no remedy; but the right of the lower proprietor to have the water come to him in its natural condition is subject only to the right of the upper proprietor to make what, under the circumstances, may properly be regarded as a reasonable use of the stream. The property in the water "should be limited to a reasonable use or consumption, against the rights of other riparian proprietors." *State* v. *Pottmeyer,* 33 Ind. 402, 5 Am. Rep. 224.

It is true that the lower proprietor can recover damages for the use made by the upper proprietor only where the latter has made some unreasonable use, which wholly deprives the former of his right, or practically in some perceptible and substantial degree diminishes or impairs the

equal and common right of the lower proprietor. *Cummings* v. *Barrett*, 10 Cush. 186, quoted in *State* v. *Pottmeyer, supra.* Whether or not the throwing or discharging of waste or impure matter into the stream, in a given case, would be a reasonable use of the stream, has been held to be a question of fact to be determined by the jury. *Barnard* v. *Sherley*, 135 Ind. 547, 559, 24 L. R. A. 568, 41 Am. St. 454; *Hayes* v. *Waldron*, 44 N. H. 580, 84 Am. Dec. 105.

In *Snow* v. *Parsons*, 28 Vt. 459, 67 Am. Dec. 723, it was said concerning the use of water in streams: "The reasonableness of such use must determine the right, and this must depend . upon the extent of detriment to the riparian proprietors below. If it essentially impairs the use below, then it is unreasonable and unlawful, unless it is a thing altogether indispensible to any beneficial use at every point on the stream."

In *Hayes* v. *Waldron, supra,* it was said: "So in respect to the size and character of the stream, it being obvious that an . amount of diminution or pollution which would be insignificant in a large stream, might in a small one, be wholly destructive to the common right. So, also, in determining the reasonableness of suffering the manufacturer's waste to pass off in the current, much must depend upon the use to which the stream below can be or is applied; whether as a mere highway alone, or for purposes of manufacture, requiring pure water, or for the supply of an aqueduct to a large city, as in the case of the Croton river; and in respect to the lands below adjacent to the river, the character of the banks, whether they are usually overflowed or not in high water, should be considered."

It might well be that in a given case an injunction would not lie to prevent the carrying on of a business because not materially and essentially injurious to the plaintiff, where, however, there might be a recovery of damages at law for

minor inconveniences. See *Bowen* v. *Mauzy,* 117 Ind. 258; *Barnard* v. *Sherley, supra; Muncie Pulp Co.* v. *Martin,* 23 Ind. App. 558, and cases cited. In the case last named, this court said: "No doubt, merely slight injury to the water of a stream by pollution, which results from a reasonable use of it, is not actionable; but pollution which substantially impairs its value for the ordinary uses of life, or renders it to a measureable degree unfit for the domestic purposes, or which, by causing offensive or unwholesome odors or vapors to arise, impairs the comfortable or the beneficial enjoyment of property in its vicinity, is a nuisance, and as such is actionable." We also said in that case: "The necessary results of conducting a lawful business may constitute a nuisance, and there may be a recovery of damages to the extent of the sensible injury caused thereby, because one must so use his own as not to injure another." The following language used in that case is applicable to the case at bar: "The case before us is not one wherein the defendant is charged with making some lawful natural use of his real property, or one wherein he is charged with producing damage by an occasional or temporary action in the preparation or adaptation by necessary and usual means of his real property for a lawful use; but it is one wherein he is charged with continuously doing that which diminishes the lawful use of the property of the plaintiffs, and thereby injures them materially, the injurious acts not pertaining to the development or use of the natural resources of the defendant's real property." See, also, *Weston Paper Co.* v. *Pope,* 155 Ind. 394, 56 L. R. A. 899; *Indianapolis Water Co.* v. *American Strawboard Co.,* 53 Fed. 970.

In the seventh instruction the court told the jury that the action, so far as it was addressed to the jury, was one for damages on account of creating and continuing a nuisance as alleged in the complaint; and the court then gave the jury as the statutory definition of a nuisance the fol-

lowing: "Whatever is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action."

The business of the appellant, by conducting which the stream is polluted to the detriment of lower proprietors, however many persons may constitute the corporation, and however many persons may have profitable employment in assisting in carrying on the business, and however great may be the output of the manufactory, and however large the profit therefrom, is, in its nature, not a business in which the general interest of the public as such is involved, or one located where public necessity requires it to be, or one the location of which is fixed by nature, and which, therefore, can not be conducted elsewhere; but it is a business of a private nature, the location of which was determined by the question of the convenience of its proprietors, the manufactory having been established and conducted, not for the development of the natural resources of the land owned by the proprietors in the neighborhood of the stream, or in or by way of the ordinary use of the land, but, on the contrary, essentially for the benefit of the proprietors alone through the profits of the manufacture of a salable product of such a character that, while the manufacture thereof requires the use and pollution of quantities of comparatively pure water, yet it is not necessary that such manufacture be carried on, if at all, in the locality where it is conducted, to the injury of the appellee in the way described in the complaint.

In examining instructions given to the jury for the purpose of determining whether or not the giving thereof constituted reversible error, the appellate tribunal may properly consider the apparent effect of the instructions upon the jury by referring to the special findings in answer to

interrogatories. We thus find in the record before us that the jury specially found that in each of the six years immediately preceding the commencement of the action, except the last year, the appellee was awarded $267, and that for the last year he was awarded $265, one-half of the amount awarded for each year being damages for depreciation in the value of the use of the appellee's real estate during the year, and the other half damages for discomfort or inconvenience caused to the appellee during the year. The answers of the jury also showed the modes in which the injuries were inflicted, the acts of the appellant which produced them, substantially as stated in the complaint. It thus sufficiently appears in the record that the use made by the appellant of the stream was found to be not reasonable, and that the damage inflicted by the unreasonable use was not slight or insignificant or inappreciable, but was substantial, measureable, and great. It can not be supposed that the instructions in question were understood and applied by the jury to the wrongful detriment of the appellant, or that they constituted reversible error.

Other matters relating to the trial are mentioned in appellant's brief, the discussion of which does not seem to be necessary. The case appears to have been fairly tried and determined.

Judgment affirmed.