TROUT ET AL. v. WOODWARD.

[No. 9,114. Filed December 2, 1916. Rehearing denied April 20, 1917.]

1. WATERS AND WATERCOURSES. — Easement. — Prescription. — Where an easement to drain water across another's land is used by one whenever he sees proper, without asking permission, and no objection is made thereto, the use is adverse, and an adverse enjoyment and use of an easement uninterrupted for twenty years cannot be afterwards disputed. p. 335.

2. WATERS AND WATERCOURSES.—Obstruction of Stream.—Action to Compel Removal.—Variance.—In an action to compel the removal of a dam obstructing the flow of an, alleged watercourse, if the water dammed against was surface water, there could be no recovery under the issues joined as to the obstruction of a natural watercourse. p. 338.

3. WATERS AND WATERCOURSES.—"Natural Watercourse."—Generally a natural watercourse must have a substantial existence, and there must be a bed and banks and evidence of a permanent stream of running water, but it need not flow continuously throughout the year. p. 338.

4. WATERS AND WATERCOURSES.—"Natural Watercourse."—Character.—Where a current of water flowed throughout the entire course of a trough or swale, in which there was, at places, a marked indication of a channel, and the moving body of water possessed permanency in that it flowed from time immemorial six to nine months of each year, the stream is a natural watercourse although, before the lands affected were improved by the landowners confining part of the stream to an artificial channel, there was no marked depression or surface indication of a channel extending throughout the entire course of the swale. pp. 340, 341.

5. WATERS AND WATERCOURSES.—"Natural Watercourse."—Confining to Artificial Channel.—Where a part of the channel of a natural watercourse was improved by landowners so that the stream was confined in an artificial channel, it did not thereby lose its characteristics as a natural watercourse. p. 340.

6. APPEAL.—Review.—Evidence.—Sufficiency.—Where there is some evidence supporting every material point involved under the issues, the decision of the trial court cannot be reversed for insufficiency of evidence. p. 341.

From Clay Circuit Court; *John M. Rawley*, Judge.

Action by Tarleton C. Woodward against Robert E. Trout and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Clarence A. Royse, George O. Dix* and *James A. Cooper*, for appellants.

*William R. Nesbit* and *Arthur D. Cuttler*, for appellee.

MORAN, P. J.—Appellee, in the court below, obtained a mandatory injunction against appellants, directing them to remove a certain concrete dam and from maintaining the same on their real estate, which adjoined appellee's, which dam appellee alleged interfered with the flow of a watercourse that furnished drainage for his real estate. In addition to relief by mandatory injunction, appellee was awarded judgment in damages in the sum of $10. A reversal of the decree and judgment is sought on the grounds: That the court erred in overruling appellant's demurrer to appellee's second paragraph of complaint; in stating its conclusions of law upon the facts specially found; and in overruling appellants' motion for a new trial.

The second paragraph of complaint in substance alleges that appellee is the owner of a certain tract of real estate in Sullivan county, Indiana, which is under a state of cultivation; that appellants own a tract of real estate which joins appellee's real estate on the south; that the slope of appellee's land is to the south; and from time immemorial the surface water from appellee's lands has been collected into an artificial channel running through appellee's land, the water of which has been discharged onto the land of appellants through a

well-defined channel, which continues across a part of appellants' land. The channel is some three feet deep, varying in width; at places it is three feet wide in the bottom and six feet wide at the top, and constitutes appellee's only outlet, and through which the water from his farm has been discharged for more than thirty years, with the full knowledge, consent and acquiescence of appellants and their grantors, immediate and remote, and under a claim of right on the part of appellee, which claim has been open, notorious and exclusive, by reason of which appellee has acquired an easement to continue the discharge of the water collected into the channel. That on May 15, 1913, appellants wrongfully and unlawfully constructed a concrete dam across the channel where it enters the land of appellants, with wings extending on either side, some twenty feet in length and about two feet high, which obstructs the flow of the water, destroying the use of some two or three acres of appellee's land lying close to the channel, and that about five acres of appellee's corn has been destroyed from back waters caused by the dam to his damage in the sum of $250. That if the dam should be permitted to remain, it would be to appellee's irreparable injury and that appellants should be ordered to remove it and be forever enjoined from maintaining the same. The first paragraph of complaint, the sufficiency of which is not here questioned, charges appellants with obstructing a natural water-course.

Where an easement is used by one whenever he sees proper, without asking permission, and no objection is made thereto, the use is adverse; and an adverse 1. enjoyment and use uninterrupted for twenty years of an easement cannot be afterwards disputed. *Mitchell* v. *Bain* (1895), 142 Ind. 604, 42 N. E. 230; *Pyott* v. *State* (1907), 170 Ind. 118, 83 N. E. 737;

*Walley* v. *Wiley* (1913), 56 Ind. App. 171, 104 N. E. 318; *Seigmund* v. *Tyner* (1912), 52 Ind. App. 581, 101 N. E. 20. In the latter case, it was said in considering the sufficiency of an answer that pleaded a right by prescription: "Its averments show that said drains were constructed and in use by and with the consent of all owners of said lands long before appellants purchased their real estate; that he purchased with full knowledge of the same and of appellee's easement, or right to flow water across said lands. Under the authorities the answer states a good defense to appellants' complaint." In *Mitchell* v. *Bain, supra,* the following language is made use of: "Such enjoyment without explanation how it begun is presumed to have been in pursuance of a grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special contract, inconsistent with a claim of right by the other party".

Construing the allegations of appellants' second paragraph of complaint in the light of the authorities, it is clear, we think, that it is sufficient to withstand a demurrer for want of facts.

The special finding of facts discloses, among other things, that appellee and certain other persons are the owners of lands in Sullivan county, which are productive, being improved by drainage, the natural drainage being to the southwest; that before the lands in this neighborhood were improved by drainage and while in their original state, there was a low trough or swale extending in a northeasterly and southwesterly direction for a distance of about two miles; that starting some distance above appellee's real estate, said trough or swale extends across the intervening lands and across the lands of appellee and a small portion of appellant's; and into this trough or swale a large body of water gathered during the rainy seasons of the year and for

from six to nine months each year, and from time immemorial the water thus collected moved in a sluggish current to the southwest across the lands between the starting point and its terminus, which terminus was in a gravel pit some distance below appellants' land, where by the process of percolation it disappeared; that on the Woodward land some distance above appellee's land there is a well-defined channel with bed and banks, which was cut through the turf by erosion of the water, and through which the water has flowed as it has been gathered into the trough or swale in this locality; that there is now and has been for more than twenty years a well-defined channel along the lowest part of the course occupied by the trough on appellee's land, and which was originally the swale heretofore mentioned; that an artificial channel has been maintained for many years on the lands of both appellee and appellants, in which a stream of water with a current has flowed from six to nine months each year; that on the lands immediately east of appellee's land what was an open channel has been constructed into a closed drain consisting of an eight-inch tile and where the watercourse crosses the highways, it does so through a twenty-four and a thirty-six-inch sewer respectively; that in the year of 1897, a tenant in possession of appellee's farm cut a small artificial channel across that part of appellants' land traversed by the watercourse, into which was collected the water at this point and through which the water from above has flowed; that prior to the construction of the artificial channel on the tracts of real estate mentioned there was evidence of a flow of water across the lands throughout the entire course where the channel is now located; that the artificial channel was constructed for the purpose of confining the water within narrower bounds than that which it originally

occupied; that appellants' tenant from 1903 to 1907 was under obligations by reason of his contract of tenancy to keep that part of the channel on appellants' land cleaned out and free from obstructions; that on May 15, 1913, appellants constructed a concrete dam across the channel just immediately south of the boundary line between the lands of appellants and appellee, which has impeded the flow of water to the injury of appellee's land.

If the facts found by the court, of which the foregoing is a brief summary, do not warrant the conclusions of law stated by the court, then appellee was not entitled to relief under either the issue of obstructing an easement or that of a natural watercourse. In this behalf, appellants earnestly insist that the facts found disclose that the dam erected by them turned from their premises surface water alone, and that the issue joined on the first paragraph of complaint, which involves the obstruction of a natural watercourse, has not been established; that the conclusion of law reached by the court to this effect is erroneous; and that the facts found are not sufficient to authorize a conclusion of law that an easement has been acquired by appellee over appellants' land under the issue joined on the second paragraph of complaint.

It need only be said in passing that if the water dammed against was surface water, then there could be no recovery under the issues joined as to the first paragraph of complaint. It has been held generally that a natural watercourse must have a substantial existence; that there must be a bed and banks and evidence of a permanent stream of running water, but that it is not essential in order to be thus classed that it flow continuously throughout the year. *Walley* v. *Wiley, supra; Vandalia R. Co.* v. *Yeager* (1915), 60 Ind. App. 118, 110 N.

E. 230; *Schlichter* v. *Phillipy* (1879), 67 Ind. 201; *Weis* v. *City of Madison* (1881), 75 Ind. 241, 39 Am. Rep. 135; *Rice* v. *City of Evansville* (1886), 108 Ind. 7, 9 N. E. 139, 58 Am. Rep. 22.

The general rule of law announced as to the elements or characteristics that go to complete or make up a natural watercourse is subject to some modification when the facts are such as to warrant the same. Farnham on Waters (Vol. 2, p. 1562), after referring to the material elements of a watercourse, says: "The distinguishing characteristic is the existence of a stream of water flowing for such a length of time that its existence will furnish the advantages usually attendant upon streams of water. The courts have attempted to describe this condition as a stream usually flowing in a definite channel, having bed and sides or banks and usually discharging itself into some other stream or body of water. * * * These definitions are rather more in the nature of limitations than definitions. The most satisfactory definition is that a watercourse is the condition created by a stream of water having a well-defined and substantial existence. To constitute a watercourse the flow of water must possess that unity of character by which the flow on one person's land could be identified with that on his neighbor's land." In *Case* v. *Hoffman* (1893), 84 Wis. 438, 54 N. W. 793, 20 L. R. A. 40, 36 Am. St. 937, it was said upon authority: "If a watercourse is lost in a swamp or lake, it is still a watercourse if it emerges therefrom in a well-defined channel; or if it spreads over a meadow, and can be identified or traced as the same stream, it is still a watercourse." And in *Mitchell* v. *Bain, supra,* the following language is used: "A stream does not cease to be a watercourse and become mere surface water because at a certain point it spreads over low ground several rods in width and flows for a distance

without a definite channel." In the recent case of *Vandalia R. Co.* v. *Yeager, supra,* this court, after a review of authorities, held that under some circumstances a stream may be classed as a natural watercourse in the absence of a well-defined channel as that term is usually understood, as where the water through a part of its course spreads over a considerable portion of land.

The finding of facts in the case at bar does not show that originally, and before the real estate in question was improved, there was a marked depression 4. in the earth's surface in the form of a channel of a stream extending throughout the entire course of what is termed the trough or swale. At places there was, however; a marked depression or surface indication of a channel, and throughout the entire course of the trough or swale there was a flowing current to the southwest, as it flows at the present time. This, as a moving stream or body of water, was possessed of permanency in that it flowed from time immemorial six to nine months in each year. Except where this course crosses the highways and where converted into a tile drain there is now and has been for many years a well-defined channel, a part of which may be termed an artificial channel and a part of which on the lands some distance above appellee's is still in its original state caused by the erosion of the water itself.

As to that part of the channel that has been 5. closed or improved by the landowners, it has not by reason thereof lost its characteristics as a natural watercourse, as it has been held that the characteristics of a natural watercourse are not changed by confining it in an artificial channel. *Walley* v. *Wiley, supra.*

We have reached the conclusion that the watercourse under consideration, in view of the facts found by the court, must be regarded as a natural watercourse,

and, under the authorities, appellee was entitled
4. to the relief granted under the issues joined
on the first paragraph of complaint so far as
the conclusions of law are concerned. The conclusion
reached on the question raised on the exceptions to the
conclusions of law makes it unnecessary for us to con-
sider the issues joined under the second paragraph of
complaint in this respect.

As to the question for consideration embraced within
the error predicated upon the overruling of appellants'
motion for a new trial—that the decision of the
6. court is contrary to law and not sustained by
sufficient evidence—the record discloses that
each essential fact necessary to maintain the issue
joined on the first paragraph of complaint is supported
by some evidence, and where there is some evidence
supporting every material point involved under an issue
as thus joined, there can be no reversal on the ground
that the evidence does not sustain the decision of the
court. *Poetker* v. *Tindle* (1909), 45 Ind. App. 455, 91
N. E. 46. Therefore we need not consider this assign-
ment of error as to the issue joined on the second para-
graph of complaint.

Finding no error in the record calling for a reversal
of the decree and judgment, the same is affirmed.

NOTE.—Reported in 114 N. E. 467. Waters and watercourses:
acquisition by artificial stream of character of natural water-
course, 14 Ann. Cas. 909. See under (1) 40 Cyc 663; (3, 4) 40
Cyc 555.