HUNTER ET AL. *v.* CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 13,923. Filed June 20, 1931. Rehearing denied October 1, 1931. Transfer denied December 15, 1931.]

*Clinton H. Givan* and *Albert M. Bristor,* for appellants.

*Frank L. Littleton, Forrest Chenoweth, H. N. Quigley, S. W. Baxter* and *C. P. Stewart,* for appellee.

LOCKYEAR, J.—This suit was brought by the appellee, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, against the appellants William R. Hunter, Keystone Securities Corporation and the Board of Commissioners of the county of Marion and others, seeking to perpetually enjoin the appellants and others from collecting waste paper, water from septic tanks and surface waters on their respective lands and casting the same through a sewer or drain onto the lands of appellee and roadbed and railroad thereon, and seeking an order of court requiring appellants and others to remove from what appellee claims is appellee's land a sewer or drain, alleged to have been placed thereon by them, and restore appellee's lands to the condition they were in before said sewer or drain was constructed, and for the recovery of $5,000 damages. The case was tried by the Marion Circuit Court without the

intervention of a jury. The court made a special finding of facts and stated its conclusions of law thereon, finding for the appellee as against appellants and finding against the appellee as to the other defendants below. The appellee moved for judgment in its favor on the special findings and conclusions of law, which motion the court sustained as to appellants, and overruled as to the other defendants below, and rendered judgment against said appellants.

At and prior to the commencement of this suit, one Emma F. Hahn was the owner of the north half of the northeast quarter section 11, Township 15 north, Range 2 east in Marion County, Indiana, containing 80 acres, more or less, subject to the railroad right of way of appellee, except certain lots out of said tract sold by her within a year or two prior to the commencement of this suit. Said tract of land is bounded on the north by the public highway known as the Rockville Road, on the east by the public highway known as the Holt or High School Road and on the south by the railroad right of way of the appellee. The appellee's railroad running along the south side of said tract is in a cut some 25 feet below the natural surface of the ground, and the driveway of said Holt or High School Road crosses appellee's railroad tracks on an overhead bridge.

Prior to the construction of the sewer or drain complained of, the said Emma F. Hahn subdivided and platted said tract of land into an addition to the city of Indianapolis, known as Keystone Manor, and entered into a contract for the sale of said real estate with appellant Keystone Securities Corporation, under the terms of which contract, said Keystone Securities Corporation was to develop, improve and resell the lots in said addition.

In the development of said lots and tract of land, and for the purpose of draining said addition, appellant

Keystone Securities Corporation installed two sewers, constructed of 12-inch vitrified tile, running parallel with each other and extending east and west across said addition, one of said sewers being about 240 feet south of the Rockville Road and the other being about 700 feet south of the Rockville Road, and which sewers were connected with and emptied into a 24-inch vitrified tile sewer constructed by appellant board of commissioners of the county of Marion, along the west side of the public highway known as the Holt or High School Road and extending from the Rockville Road south to and emptying into a side ditch upon the railroad right of way of appellee.

Prior to the time appellee made its cut across the Holt or High School Road, the water from the territory for approximately half a mile north of appellee's right of way drained southwardly, following the natural course of drainage and through an open ditch along the west side of said Holt or High School Road, across the land now occupied by said railroad right of way, and into a creek with bed and banks approximately a quarter of a mile south of said railroad right of way. When appellee made its cut across said Holt or High School Road, it cut off the flow of water from the territory north of its right of way, over the natural course of drainage, into said creek, and, at the same time, constructed along the north side of its railroad tracks a ditch, through which, since said time, the water coming from the north and onto its right of way at said point has flowed eastwardly and eventually emptied into Eagle Creek.

It was the theory of appellants that the water complained of by appellee flowed onto appellee's right of way by the natural course of drainage, which it had followed from time immemorial; that it had followed the only natural and reasonably possible course of drain-

age; that the tile drain complained of did not tap or drain any new or different water shed; that, from the time appellee's railroad was constructed until the tile drain complained of was put in, the water complained of was emptied upon appellee's right of way through an open ditch at the same point at which said tile drain now empties its water upon said right of way, and that said tile drain was not a new or different drain; that said tile drain did not carry any greater force; that said tile drain, instead of being a detriment and causing damage to appellee's roadbed, was actually a benefit thereto; and that appellee, having constructed its cut across the natural course of drainage, was bound to take care of the water so coming upon its right of way.

There was a special finding of facts and conclusions of law stated thereon. The facts found were, in substance, as stated above, and, in addition thereto, found that there was now constructed in said Keystone Manor seven dwelling houses and two such houses under construction, and it is proposed to construct many more such houses, that the water for household uses in said houses is obtained from wells, and, after it is used for such purposes, including the flushing of toilets and waste water from lavatories, garages and laundries, it is drained into said sewer, together with the water from the eave-troughs and downspouts on said houses; that said line of 24-inch sewer tile is at an average depth of 12 feet from the place where it commences at the intersection of said roads to the north line of said plaintiff's said right of way, and extends south on said right of way a distance of about 50 feet from said north line of said right of way; that, after it crosses the north line of said right of way, said sewer descends at an angle of about 45 degrees and the usual flow of water from said sewer is a stream about 12 inches in diameter and which descends with some force into said right-

of-way ditch maintained by plaintiff alongside of its main tracks, and, due to the force of said water, the ballast of said tracks has been and is in danger of being washed out, and requires frequent repairs in order to keep said tracks safe for the operation of appellee's trains thereover, and, in times of heavy rain, plaintiff is required to patrol its said tracks; that said water descends at the foot of the north abutment which supports appellee's said bridge, which carries said High School Road over said tracks, and the flow of water is in danger of wearing away and weakening said support to said bridge, and will in time make said bridge unsafe if not repaired and has also caused appellee's side ditch to be partially filled up and the flow of water therein obstructed; that all of said lines of tile are waterproof and no water gets into said sewer except through catch-basins and sewer connections from said houses; that a small part of the surface water that flowed from said Keystone Manor onto appellee's said right of way prior to the construction and installation of said sewer system still flows as surface water from said Keystone Manor onto appellee's right of way the same as prior to the construction and installation of said sewer, and balance is now collected into said sewers and discharged on appellee's right of way at the mouth of said 24-inch sewer so constructed on appellee's right of way; that, before the defendant entered upon appellee's lands and constructed said sewer and discharged water through the same onto appellee's right of way and lands, the appellee refused the defendants' permission so to do, but defendants entered upon appellee's lands and right of way and constructed said sewer thereon and have since discharged water and sewage through said sewer onto appellee's land, knowing that they had no right whatever to do so and were and are trespassing on said lands and right of way.

The conclusions of law of the court are that the acts of the defendants Keystone Securities Corporation, William R. Hunter and the board of commissioners of Marion County in collecting and casting water and laying sewer pipes upon plaintiff's property were unlawful and wrongful and constituted a trespass, and that the appellee is entitled to a mandatory injunction compelling said Keystone Securities Corporation, William R. Hunter and the board of commissioners of Marion County, and each of them, to remove said sewer from appellee's land and restore said land to the condition in which it was prior to the construction of said sewer.

The judgment is in harmony with said conclusions of law.

The errors assigned are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

There is ample evidence to support the finding of facts and conclusions of law.

The water which fell naturally on the Hahn land was surface water, and, that being so, the appellants had no right to collect such water in a volume and discharge it on the lands of the appellee, nor did they have the right to obtain water from wells and use the same in dwellings for flushing toilets and lavatories and use water in other ways about the premises of said houses already built and to be built and then discharge the water through said sewers as aforesaid. *Robinson* v. *Shanks* (1889), 118 Ind. 125, 133, 20 N. E. 713; *Schwartz* v. *Nie* (1902), 29 Ind. App. 329, 64 N. E. 619; *Culbertson* v. *Knight* (1899), 152 Ind. 121, 52 N. E. 700; *Vandalia R. Co.* v. *House* (1915), 59 Ind. App. 10, 108 N. E. 872; *Patoka Township* v. *Hopkins* (1892), 131 Ind. 142, 30 N. E. 896, 31 Am. St. 417; *Weis* v. *City of Madison* (1881), 75 Ind. 241, 39 Am. Rep. 135; *Watts*

v. *Evansville, etc., R. Co.* (1921), 191 Ind. 27, 129 N. E. 315; *Walley* v. *Wiley* (1914), 56 Ind. App. 171, 104 N. E. 318; *Dunn* v. *Chicago, etc., R. Co.* (1917), 63 Ind. App. 553, 114 N. E. 888; *Ramsey* v. *Ketcham* (1920), 73 Ind. App. 200, 127 N. E. 204; *Weideroder* v. *Mace* (1916), 184 Ind. 242, 111 N. E. 5.

Judgment is affirmed.