## SCHLICHTER ET AL. *v.* PHILLIPY.

WATERCOURSE.—*Diversion of Surface Water.*—*Right of Owner to Improve his Land.—Stream.—Instruction.*—In an action by a land-owner, against an adjoining proprietor, for diverting surface water, caused by rain or melting snow, from its natural channel across the lands of the defendant, and thereby overflowing and injuring the lands of the plaintiff, the evidence established that such water was that which flowed occasionally from a ravine onto the lands of the defendant, seeking an outlet into a certain creek ; that, until the construction of a certain ditch by the defendant on his own lands, such water, after leaving the ravine, had no certain channel ; and that the diversion complained of was caused by certain improvements made by the defendant on his own land, below the mouth of the ravine. The court instructed the jury that, " to establish the existence of a stream of water, it is not necessary to prove that it flows continuously, * * * but it must have a substantial existence," etc. The defendant asked an additional instruction, in substance, that the stream must be well defined, flowing in a certain direction, and by a regular channel, and not the mere outburst of a freshet, flowing in.no particular direction.

*Held*, that the instruction asked should have been given.

From the Clark Circuit Court.

*J. H. Stotsenburg*, for appellants.

*C. P. Ferguson* and *J. K. Marsh*, for appellee.

NIBLACK, J.—This was an action by George Phillipy, against Jacob Schlichter and Albert Schlichter, for an alleged injury to real estate.

The complaint stated that on the 1st day of September, 1873, the plaintiff was the owner, and has since continued to be the owner, of a tract of land in Clark county in this State, being the north half of the south-west quarter of section thirteen (13), in township one (1) north, of range nine (9) east, and that, during the same period of time, the defendant Jacob Schlichter has been, and still is, the owner of the south-east quarter of the same section; that, descending from the north of the land of said Jacob Schlichter and extending southwardly, there is a ravine through and from which, in wet and rainy seasons, there flows a stream of water, the natural channel of which is upon and over the land of the said Jacob Schlichter, until such stream flows into Camp creek, and that, for all the time, until obstructed by the defendants, such flow of water has been upon and over the said Jacob Schlichter's land, and not over the land of the plaintiff; that on or about said 1st day of September, 1873, the defendants, without the right so to do, with logs, stones and brush, purposely obstructed such flow of water and directed it from its natural course, thereby throwing such flow of water over and upon the plaintiff's said land and have continued to maintain such obstruction until the present time; also, thereby obstructing the plaintiff in the free use of his said land and greatly injuring said land and the growing crops thereon, to the plaintiff's damage in the sum of five hundred dollars. Wherefore the plaintiff demands judgment for that sum and other proper relief.

The defendants demurred to the complaint, for the want of sufficient facts, but the court overruled their demurrer.

The cause was submitted to a jury for trial, and a verdict was returned for the plaintiff, assessing his damages

at two hundred dollars, and, after overruling a motion for a new trial, the court gave judgment against the defendants, upon the verdict.

Errors are assigned upon the overruling of the demurrer to the complaint and the refusal of the court to grant a new trial.

The evidence tended to show that the obstruction complained of was created by the defendants, by filling up, with brush and other materials, a depression in the ground south of and below the mouth of the ravine described in the complaint, so as to improve at that point the crossing of a road running east and west, and by the erection of a fence immediately below and parallel with said road. The evidence also tended to show that the only indications of a channel, through which any portion of the water coming out of the ravine passed over the lands of Jacob Schlichter, consisted of a ditch below such obstruction, which he, the said Jacob Schlichter, had there recently caused to be made, so as to give some direction to such water in its flow over his land towards Camp Creek ; also, that before the obstruction was created, and the ditch above referred to was made, the water from the ravine was accustomed to flow over variable and uncertain portions of the said Jacob Schlichter's land, extending very often, if not usually, over some portions of the lower part of the plaintiff's land.

As to the effect which the obstruction made by the defendants had upon the flow of water over the defendant Jacob Schlichter's land, and as to the amount of additional water thrown by it upon and over the plaintiff's land, as well as to the injury done thereby to the plaintiff, the testimony was quite conflicting, and to a considerable extent irreconcilable. All the witnesses, however, agreed that the water which came out of the ravine was surface water merely, and only flowed during wet and rainy

seasons of the year, and then with varying volume and force.

The court, on its own motion, instructed the jury, amongst other things, that, " To establish the fact of the existence of a stream of water, it is not necessary to prove that it flowed continuously. It may be dry at times, and yet be called a stream of water, but it must have a substantial existence in this case, as charged in the complaint."

As additional to the foregoing, the defendants asked the court to instruct the jury, that "A stream of water flowing over a man's land is a current of water flowing in one line or course, between banks or sides, in a certain direction, and by a regular channel, and there is a broad distinction between a stream and those occasional and temporary outbursts of water, which, in times of freshet, fill up low and marshy places, and run over and inundate adjoining lands. A stream need not be shown to flow continuously. It may be dry at times, but it must have a well defined and substantial existence.

" If, therefore, the proof in this case should tend to show that, instead of obstructing a stream of water, as I have just defined it, the defendants obstructed the temporary outbursts of water which came down from the hills north of the lands described in the complaint, the plaintiff can not recover in this case." But the court refused to so instruct the jury.

In the case of *Earl* v. *De Hart*, 1 Beasley, 280, it was said: " If the face of the country is such as necessarily collects in one body so large a quantity of water, after heavy rains and the melting of large bodies of snow, as to require an outlet to some common reservoir, and if such water is regularly discharged through a well defined channel, which the force of the water has made for itself, and which is the accustomed channel through which it flows, and has

flowed from time immemorial, such channel is an ancient natural watercourse."

In the case of *Taylor* v. *Fickas*, 64 Ind. 168, it was said: "While the owners of lands may not obstruct watercourses to the injury of others, they must be permitted to fence and cultivate their fields and improve their lands in the way which best subserves their interests, without being responsible for the accidents of floods, or the shiftings of surface water occasioned thereby, although sometimes slight and temporary injuries may result therefrom to ad- joining owners. These are accidents which must be borne alike by all.

"We think the law has thus wisely discriminated be- tween the rules which apply to watercourses and those which apply to surface waters."

Angell on Watercourses, in section 4, after stating that a watercourse consists of a *bed, banks* and *water,* says that "There is, however, a distinction to be taken in law be- tween a regular flowing stream of water, which at certain seasons is dried up, and those occasional bursts of water, which, in times of freshet, or melting of ice and snow, descend from the hills and inundate the country."

That portion of the instructions, given by the court on its own motion and set out as above, stated the law cor- rectly as far as it went, but it was not so comprehensive as the instruction prayed for as above by the defendants and refused by the court, and, as this latter instruction appears to us to have been applicable to the evidence and in in sub- stantial harmony with the authorities above quoted from, we think it ought to have been given.

We have not considered the question of the sufficiency of the complaint, as, conceding its sufficiency, the case made by it seems to us not to have been sustained by the evidence. *Ashley* v. *Wolcott,* 11 Cush. 192.

The judgment is reversed, with costs, and the cause is remanded for further proceedings.

Howk, J., having been of counsel in this cause, was absent during its consideration.