Hill *et al. v.* The Cincinnati, Wabash and Michigan Railway Company.

---

No. 12,577.

HILL ET AL. *v.* THE CINCINNATI, WABASH AND MICHIGAN RAILWAY COMPANY.

RAILROAD.—*Obstruction of Water-Flow.*—*Liability to Land-Owner.*—A railroad company is not liable to a land-owner for injuries caused by the accumulation of surface-water on his premises, by reason of the construction of embankments on its right of way.

From the Grant Circuit Court.

*J. A. Kersey* and *L. D. Baldwin,* for appellants.

*C. E. Cowgill,* for appellee.

NIBLACK, J.—Action by Joseph W. Hill and Zimri S. Richardson against the Cincinnati, Wabash and Michigan Railway Company, for obstructing the flow of water from their lands.

The complaint averred that the plaintiffs were the owners of a tract of land in Grant county; that more than thirty years before the commencement of this suit, the falling rains and melting snow had formed a natural channel upon said tract of land, through which the accumulating water had been accustomed to flow; that the railway company, by the erection and continuance of an embankment, had caused such flow of water to be obstructed at three distinct points, from which serious damage had resulted to the plaintiffs.

A trial resulted in a verdict for the defendant, with answers to special interrogatories, to the effect following:

*First.* That the surface of ground through which the waters resulting from rain and snow found their way out, at the first point at which it was claimed that the railway company had obstructed the flow, was about fifteen acres.

*Second.* That the surface of ground at the second point, from which it was claimed the flow of water had been obstructed, amounted to about seven acres.

*Third.* That the surface of ground drained at the third alleged point of obstruction amounted to about eleven acres.

*Fourth.* That, except at the points named, there was no other place for the waters accumulating on said tract of land to escape.

*Fifth.* That the water turned back upon the lands of the plaintiffs was mere surface-water, resulting from rains and snows falling upon adjacent lands, shedding towards the railway track at the three points named.

A motion for a new trial being first refused, judgment was given upon the verdict.

Although various questions were reserved during the progress of the proceedings below, the only question made in argument here is upon the alleged error of the circuit court in its instructions to the jury.

The circuit court told the jury, amongst other things, that a watercourse is a stream of water ordinarily flowing in a certain direction, through a defined channel, with bed and

banks, and that there is a broad distinction between a stream of water and those occasional outbursts of water which, in times of freshets, fill up the marshy places, and run over and inundate adjoining lands; that a watercourse need not be shown to flow continuously; that its channel may sometimes be dry, but there must always be substantial indications of a stream which is ordinarily and most frequently a moving body of water; also, that a channel made by mere surface water, resulting from rains and snows, is not a watercourse, unless there is ordinarily and most frequently a moving body of water flowing through it; that falling rain and melting snow constitute surface water which the owner of land upon which it accumulates may turn into a natural watercourse through his own land, or which he may, by proper legal proceedings, have carried off through the adjoining lands of others; that if it should be found that there was a natural watercourse at all, or any one, of the places at which it was charged that obstructions had been erected, and that the railway company caused such natural watercourse to be obstructed by the erection and continuance of its embankment, to the injury of the plaintiffs, they were entitled to recover; but that if it should be found that there was no such watercourse at any of the places named, then the verdict should be for the defendant.

Counsel for the appellants make no specific objection to any particular part of the instructions given, of which the above is regarded as embracing the most material portions, but contend, in general terms, that the distinction sought to be made between streams of water flowing presumably out of the ground, and channels cut by mere surface water, which have been used for a long period of time to carry off such water, when it accumulates, is not well sustained by the authorities, and that, hence, in that respect, the instructions were erroneous, citing authorities on the subject of easements and the right of way over the lands of adjoining proprietors.

But upon a careful review of the instructions they appear to us to be correct as abstract legal propositions, and, therefore, in accord with the weight of authority upon the matters to which they relate.

There was, also, evidence given at the trial to which the instructions as given were applicable. We have, consequently, no reason for inferring that the jury were, in any manner, misled by the instructions given them at the trial. *Taylor* v. *Fickas*, 64 Ind. 167 (31 Am. R. 114) ; *Schlichter* v. *Phillipy*, 67 Ind. 201 ; *Templeton* v. *Voshloe*, 72 Ind. 134 (37 Am. R. 150) ; *Cairo, etc., R. R. Co.* v. *Stevens*, 73 Ind. 278 (38 Am. R. 139) ; *Benthall* v. *Seifert*, 77 Ind. 302 ; *Chambers* v. *Kyle*, 87 Ind. 83 ; *Rice* v. *City of Evansville*, 108 Ind. 7.

The judgment is affirmed, with costs.

