Hart *v.* Sigman.

---

## HART *v.* SIGMAN ET AL.

[No. 4,783.    Filed December 15, 1903.    Rehearing denied January 13, 1904.]

SURFACE-WATERS.—*Obstruction by Highway.*—A highway divided the lands of plaintiff and defendant. The defendant, in working the road for the road supervisor of that road district, placed on the surface of the highway earth dug by him from ditches at the sides thereof, thereby raising the surface of the highway about five inches higher than the adjoining lands of the plaintiff, causing surface-water to be turned back upon plaintiff's lands. *Held*, that the elevation of the highway was but a reasonable repairing, so far as the highway officers were concerned, and that no actionable fault could be imputed to defendant.

From Jasper Circuit Court; *V. S. Reiter*, Special Judge.

Suit by Ben Hart against Joseph Sigman and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Frank Foltz, C. G. Spitler* and *H. R. Kurrie*, for appellant.

*E. P. Honan, C. W. Hanley* and *J. J. Hunt*, for appellees.

BLACK, J.—The complaint of the appellant showed, in substance, that he was the owner and in possession of a tract of forty acres of land in Jasper county, and one of

the appellees (John Kellner) owned lands adjoining on the west and on the south. A public highway running north and south divided the land of the appellant from that of Kellner lying to the west thereof. This road was intersected by another public highway which divided the appellant's land from that of Kellner lying south thereof. All these lands were low and swampy. A certain public ditch, which, by the terms of its description in the proceedings by which it was established, was to be for the first 1,950 feet a "covered ditch," commenced at the east side of the north and south highway, and on the west side of the appellant's land, thirty feet east and 580 feet north of its southwest corner, and ran thence westwardly across the north and south road, and over the land of Kellner lying west thereof. All these lands were assessed for the construction of this ditch, as was also Jasper county for the benefit to the public highways. This ditch was constructed and finally accepted in 1898. It began with a tile-drain on the east side of the north and south road, at the place above mentioned, at the west side of appellant's land, crossed the north and south public highway, and ran across the land of Kellner to the public highway which ran east and west, and thence into another public ditch described, previously made, for the construction of which all the lands above mentioned had been assessed. There was, it was alleged, a swail or slough running through the middle of appellant's land from west to east, and, near the center of the tract, curving toward the south, and extending to and across the highway which ran east and west, and thence, in a southerly direction across the land of Kellner which lay south of that highway. Before the construction of any of the public ditches mentioned, the water from Kellner's land south of that of the appellant, and from other lands in that locality, and from the line of the east and west highway, ran therefrom down and through this swail across the appellant's land, and hence across the north and south

highway, at the place where the tile ditch was made, and thence followed the line of that ditch down to the ditch with which the tile ditch communicated. It had so run for twenty-five years before the construction of the tile ditch, and still so ran, other than the portion which passed through the tile-drain, except as prevented by a grade and barrier as hereafter described. It was further alleged, that when appellant purchased his land there was an open ditch along said depression on his tract, and thence across the north and south highway and southward across the land of Kellner on the west; and where this ditch crossed that highway the township and the officers thereof had constructed a wooden bridge across the ditch, and this bridge remained there until this open ditch was changed into the public tile ditch. When the public tile ditch was made, under the ditch proceeding by which it was established, the bridge was moved, and the tile were placed in the ditch. After this public tile ditch had been constructed under the court proceeding authorizing it, the appellant continued the tiling over and across his tract of land. In the spring of 1900 the tile proved to be insufficient in size to carry all the water coming from the east and west highway and the lands south thereof, and by reason thereof the water passed over the north and south highway, and over the line of the tile down to the outlet thereof.

It was then alleged that in 1900 the defendants, who were Kellner and the township trustee and the road supervisor, who are appellees, wrongfully and unlawfully constructed a grade of two or three feet in height and eight or ten feet in width along the center of the north and south highway where the ditch crossed it, and ten or fifteen rods in length, and dug out large ditches on either side of the highway, and thereby made a dam along the highway, for the purpose of holding the water back on the appellant's land, "which naturally fell on his tract of land and from the lands of" Kellner, and other lands on the south; and

they erected the grade and dam without providing any means of escape for the water coming down the swail above mentioned, and across appellant's land. Thereby the water was caused to be and remain on his land, and to back up, and it was prevented from escaping as it had previously done, the tile being insufficient to carry off "the surface-water as caused to be accumulated on the land of the plaintiff by reason of the construction of said grade." It was then further alleged that the appellees in 1900 wrongfully and unlawfully constructed an open ditch across the east and west highway opposite the low depression and swail on appellant's land, where it continued south across Kellner's land; that by reason of the construction of this ditch, and a bridge over it, and by digging ditches along either side of this highway, they caused the water from the highway and the lands south thereof, including Kellner's tract, to be gathered together in accumulated quantities, and not as they naturally came, and cast the same upon and over the appellant's land in large quantities, to such an extent that the tile was insufficient to carry the same, and by reason of the premises the water was held on his land until it killed and drowned out all his crops described, to his damage in the sum of $300; that they, over appellant's objections, constructed the grade and ditches and placed the culvert, and he has demanded of the appellees to take out the grade and place a bridge across the same, and to fill up and change the ditches and culvert on the south side of his land so as to prevent the water from coming down over his land, all of which the appellees have refused to do; and he made a written demand upon the appellees to make the proper repairs on each of the highways, which demand was refused, and the appellees were threatening to maintain and were maintaining the grade, and had refused to place a bridge therein to carry off the water; and have threatened to maintain said ditches and culvert, all to his damage, to date, in the sum of $300.

Hart *v.* Sigman.

After allegations concerning future continuing injury, the appellant prayed for an injunction and for damages.

Each of the appellees answered in denial. The court overruled the appellant's motion for a new trial. That ruling is assigned as error, and counsel have discussed the questions whether the finding was sustained by sufficient evidence, and whether it was contrary to law. We have found it necessary to look into the voluminous evidence in the record, and we find it sufficient to sustain a conclusion that there was no injury to the appellant from water cast upon his land, as alleged in the complaint, from the east and west road, or from the land of Kellner lying south of that road; that while there was at one time a tile-drain, constructed by Kellner under an agreement with the appellant, extending from that road and Kellner's land northward across appellant's land, and connecting with a tile-drain which the appellant had made from the central portion of his land westward to the public tile-drain which crossed the north and south road, the tile-drain so constructed by Kellner had been taken up by him, and he had constructed a tile-drain wholly on his land south of that road, and running toward the west, pursuant to a later agreement between the parties, and the appellant had made an embankment on his land which kept out the waters at the place where the tile-drain so made by Kellner had previously brought in water from the southward; and it appeared in evidence that Kellner's land on the south of the road was lower than the land of the appellant on the north side thereof, and there was sufficient evidence to support a finding that the water which injured the appellant's crops in rainy seasons was surface-water which accumulated in the low places on his land by natural drainage from other portions of his land and lands of neighboring proprietors, against which he was entitled to protect his land by barriers, which he attempted to do by the

making of embankments which were not wholly sufficient to effect the purpose of their construction.

The open ditch in which the public tile-drain which ran across the north and south road was made does not clearly appear from the complaint to have been a public ditch. It, however, was spoken of as a public ditch by the appellant and Kellner testifying as witnesses. Whether it was a public or private ditch, it appears that by regular, legal proceedings it was at the time here in question a public, covered tile ditch. Its head was thirty feet east of the center of the north and south road, which it crossed at the place where the old open ditch had crossed, and where there was an old wooden culvert. The appellant testified that he himself, some three years before the occurrence of the injury complained of, had taken up this culvert, under an agreement between him and a road officer by which the appellant was to have an allowance on his tax for such service. There remained here a depression in the road on the line of the covered tile-drain, and the substantial matter in dispute is the claim of the appellant, as against the proprietor on the west side of the road and the highway officers, to be allowed to have the surface-water which accumulated on his land to flow over the highway above the covering of the tile-drain, and thence upon and over the land of Kellner; it appearing in evidence that Kellner, in working the road for the road supervisor, placed on the surface of the highway earth dug by him from ditches at the sides thereof, thereby raising the surface of the way so that it was nearly five inches higher than the adjoining land of the appellant. This we regard as a reasonable repairing of the highway, so far as the highway officers were concerned, and no actionable fault can be imputed to Kellner for thus protecting his own land from the surface waters so accumulated on the appellant's adjoining land. So far as they were too abundant to be carried by the public tile-drain, they were mere

surface-waters which Kellner had a right to ward out, and there could be no ground of complaint on the part of the appellant if Kellner, in so protecting his land, merely improved and rendered more passable the public highway which divided their tracts.

If the existing means for draining the appellant's land are inadequate, his remedy is not by a proceeding to compel the lower proprietor to cease his efforts to protect his land from being overflowed by surface-waters descending thereon from other land.

Judgment affirmed.