CAPES ET AL. *v.* BARGER ET AL.

[No. 18,336. Filed January 15, 1953.]

*George F. Sammons,* of Kentland, *Robert B. Wright* and *Cope J. Hanley,* both of Rensselaer for appellants.

*Emmett M. LaRue,* of Rensselaer, for appellees.

CRUMPACKER, J.—The appellants Capes and Capes and the appellees Barger and Barger are the owners of adjoining farms in Jasper County, Indiana, and the appellant Lohr rents the Capes land on a crop-sharing arrangement. The appellees constructed a dam on their land which caused water to back up on a portion of appellants' farm and destroy the growing crops thereon. They sued to compel the appellees to remove the dam and to collect damages. The court found for the appellees and the judgment is that the appellants take nothing by reason of their complaint. They ask a reversal because (1) the decision of the court is not sustained by sufficient evidence, and (2) the decision of the court is contrary to law.

The decision of the court being negative, the first specification presents no question for review. *Coleman*

v. *New York, Chi. & St. L. R. R. Co.* (1951), 121 Ind. App. 616, 101 N. E 2d 721 The appellants contend however that the court's decision denies them the relief to which the evidence shows they are entitled and hence is contrary to law. *In re Estate of Collinson* (1952), 231 Ind. 605, 108 N. E. 2d 700.

The parties are agreed that the appellees, being owners of the lower land, have a legal right to dam against surface water draining off the appellants' land and are not responsible for damages by reason of the accumulation of water above the obstruction. *Ramsey* v. *Ketcham* (1920), 73 Ind. App. 200, 127 N. E. 204; *Watts* v. *Evansville, etc., R. Co.* (1921), 191 Ind. 27, 129 N. E. 315. They are also agreed that the appellees may not dam a natural water course to prevent water therein from entering upon their land and that the removal of such an obstruction may be enforced by mandatory injunction and the injured landowner may recover resulting damages. *Foster* v. *Malsbary* (1927), 86 Ind. App. 411, 157 N. E. 446; *Trout* v. *Woodward* (1917), 64 Ind. App. 333, 114 N. E. 467. Such being the law it is apparent that the only issue the trial court had for determination was the nature of the water which collected on the appellants' land by reason of the dam the appellees built and maintained. This was an issue of fact and the court found the water involved was surface water and therefore concluded that the law is with the appellees. If there is any evidence of probative value in the record to support such finding of fact we cannot reverse.

Water from falling rains or melting snows which is diffused over the surface of the ground or which temporarily flow upon or over the surface as the natural elevations and depressions of the land may guide it but which has no definite banks or

channel, is surface water. *Taylor, Administrator* v. *Fickas* (1878), 64 Ind. 167; *Ramsey* v. *Ketcham, supra.* If the natural depressions and elevations of the land form a way for water but such way has no well defined banks or channel and carries no water except that which drains into it from adjoining lands in wet seasons or as the result of freshets, then such way is not a natural water course but a mere surface drain and falls within the doctrine that surface water is a common enemy which any proprietor may combat as best he can. *New Jersey, etc., R. Co.* v. *Tutt* (1907), 168 Ind. 205, 80 N. E. 420; *Gaskill* v. *Barnett,* 52 Ind. App. 654, 101 N. E. 40.

There is evidence in the record which tends to prove that the water involved in this litigation came from rains which fell in great quantities in June 1950 and as a result thereof the appellants' land "looked like a lake." From the south line of the appellants' land, in a northwesterly direction for approximately 80 rods to the south line of appellees' land, there is a fall of 3.17 feet and water drains along the natural contours of the land from the appellants' farm onto that of the appellees. Both farms are comparatively level and there is "no channel with defined banks" across them which habitually carries water more or less continuously.

There is also evidence in the record, which is undisputed, that in 1895 there was a man-made open drainage ditch running from the southeast to the northwest across the farms of both the parties and emptying into the Simonin ditch some 20 rods north of the appellees' land. In 1910 tile was laid along the line of this open ditch and the same was filled in with a plow and grader and the land over the tile is now cultivated regularly. There is a slight depression in the surface of the

ground over this tile in which water runs when the rain fall is too abundant to be taken off by the tile. It is this evidence upon which the appellants rely for reversal. They say a water course is a channel or canal for the conveyance of water, particularly in draining land, and it may be natural or it may be artificial, as in the case of a ditch used to carry water from low land upon which it would otherwise accumulate. Although we find none in Indiana there is authority to that effect. *Mancini* v. *DeLillis* (1948), 1 N. J. Super. 490, 65 A. 2d 90. The appellants contend that when tile is laid in such a ditch and the same is filled in and its banks obliterated by cultivation it still remains a water course and when it overflows in wet seasons the overflow does not become surface water against which a lower owner can protect himself. In support of this theory the appellants lean heavily on the case of *Cleveland, etc., R. Co.* v. *Woodbury Glass Co.* (1923), 80 Ind. App. 298, 120 N. E. 426. That case holds that the laying of tile pipe in a *natural* water course does not change its nature as such and even though it is filled in over the tile and its natural banks obliterated it still remains a water course and its waters do not cease to be a part of it, and become mere surface water, because it may overflow and spread out over adjacent low ground and flow for a distance without a defined channel before returning to and flowing in its usual confines. See also *Mitchell* v. *Bain* (1895), 142 Ind. 604, 42 N. E. 230.

However we find no evidence in the record indicating that the water complained of in this case was overflow from the tile drain involved. All the evidence on the subject tends to prove that it came from the freshets which fell on the appellants' land and never entered the so-called water course. This justified the court in

concluding that this case falls squarely within the rule announced in *Hart* v. *Sigman* (1904), 32 Ind. App. 227, 69 N. E. 262, wherein this court held, in effect, that when rain fall is so abundant that it all cannot be carried off by the tile drain on the land, the surplus is mere surface water.

Judgment affirmed.

NOTE.—Reported in 109 N. E. 2d 725.