LOWE ET AL. *v.* LOGE REALTY CO., INC.

[No. 20,028. Filed March 3, 1966.]

*Robert W. Nesbit,* of Evansville, for appellants.

*Combs & Shrode,* of Evansville, for appellees.

WICKENS, J.—Appellants instituted this case as plaintiffs seeking an injunction. The complaint showed the parties to be adjoining landowners. Appellants alleged that appellee was building a system of roadways and installing a storm sewer with a permanent system of underground pipes and drains collecting rain water and snow water in a large body, diverting the flow of the same and causing it to be discharged in a concentrated stream onto appellants' real estate, flooding, eroding, and washing away appellants' real estate.

Appellee filed a counterclaim setting up that there was a natural watercourse with well defined banks and bottom extending through the real estate of both parties and that ap-

pellants caused such watercourse to be filled up and covered over by creating a dam of soil and rock sufficiently permanent to obstruct the flow of water across appellee's land and thereby flooding and making unusable certain land of appellee. Appellee also asked injunctive relief.

The trial without a jury lasted several days. Many witnesses were heard and 36 exhibits were introduced. Although there was some conflict there was evidence tending to show that there existed for many years a natural watercourse which meandered across appellee's lands onto appellants' lands and which carried water and emptied into a large drainage ditch located on appellants' property. There was also evidence to show that appellants caused said natural watercourse to be so obstructed that the water which normally would flow through was thrown back on appellee's land.

The trial court found against plaintiff-appellants on their original complaint and also against them on appellee's counterclaim. Appellants were ordered to remove the obstruction which the court found they had erected.

We understand a natural watercourse to be established when surface water begins to flow in a definite direction and there is a regular channel formed with well defined banks and bottom and water flows therein, not necessarily continually but from time immemorial and for a substantial period of each year. *Vandalia R. Co.* v. *Yeager* (1915), 60 Ind. App. 118, 124, 110 N. E. 230; *Mitchell* v. *Bain et al.* (1895), 142 Ind. 604, 614, 42 N. E. 230.

Relating to such natural watercourse, it is held that a landowner may, without incurring liability, in a proper manner erect barriers to ward off surface water, but such rule does not extend to a case where a natural watercourse is obstructed or interfered with, to the damage of another. *Vandalia R. Co.* v. *Yeager, supra,* p. 122, 60 Ind. App.

But appellants have by their brief "waived the question

of the existence of a natural watercourse, the obstruction of a natural watercourse by appellants, and the right of appellee to collect, divert, and return surface water upon its own property into a normal and natural watershed."

Since appellants concede the existence of the natural watercourse across their property and the right of appellee to collect, divert and return surface water to it, there remains but one issue. Did the appellee by artificial means so increase the volume of the watercourse as to damage appellants is the question.

The rule pertaining to such increase is set out in *Smith et ux.* v. *Atkinson et al.* (1962), 133 Ind. App. 430, 433, 180 N. E. 2d 542, (Transfer Denied).

We are then solely concerned with whether the evidence most favorable to appellee is without conflict and leads but to one conclusion and the trial court has reached an opposite conclusion. Only on such basis could we find the decision contrary to law. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669; *Metrailer et al.* v. *Bishop et al.* (1959), 130 Ind. App. 77, 81, 82, 162 N. E. 2d 94.

On that point a Mr. Weiss testified on direct examination as a witness called by appellants. His evidence indicated complete knowledge of appellee's subdivision plans. The plans also showed important experience with the question of the volume of water involved in this project. From his evidence the trial court might, and apparently did, find that the volume, intensity and force of the discharge of water had not increased by reason of the changes in drainage made by appellee. This witness testified directly that the natural watercourse on appellants' property was of ample size to handle the flow of water. Another witness testified to the same effect.

Because the trial court is in a more favorable position to weigh this evidence and to determine its credibility we may not disturb its judgment here. *Lincoln Nat. Bank & Trust Co.*

v. *Parker* (1941), 110 Ind. App. 1, 8, 34 N. E. 2d 190, (Transfer Denied).

We hold the decision to be amply supported by the evidence. Judgment is therefore affirmed.

Prime, C. J., Carson and Faulconer, JJ., concur.

NOTE.—Reported in 214 N. E. 2d 400.