GREEN v. FRAZIER.

[No. 20,425. Filed June 13, 1966. Rehearing denied June 23, 1966. Transfer denied September 23, 1966.]

*Daniel J. Harrigan* and *Cook, Bayliff, Mahoney & Martin,* of Kokomo, for appellant.

*Jerry L. Angel* and *Lacey, Angel and Good,* of counsel, of Kokomo, for appellee.

MOTE, J.—This appeal is from a finding and judgment of the trial court, without the intervention of a jury, for the defendant-appellee and against the plaintiff-appellant, who was seeking damages for personal injuries.

In material substance, appellant's complaint alleged that on the 22nd day of November, 1963, at about 11:30 P.M., his 1951 Ford automobile was parked on the west side of an avenue, facing south, in front of a residence located at 1615 North Courtland Avenue, Kokomo, Indiana; that as he was standing at the left front of the open doorway of said automobile and entering the same, appellee, who was operating a certain 1959 Pontiac automobile which had been parked at the curb, likewise on the west side of said avenue approximately fifty (50) feet south of appellant's automobile, backed his said automobile from said space suddenly, and violently, striking the left front door of appellant's said automobile, causing him certain personal injuries proximately caused by certain acts of negligence on the part of appellant as follow:

"a.  Said defendant carelessly and negligently failed to keep a proper lookout for automobiles and pedestrians lawfully upon said highway, immediately in his view, as he backed his said automobile north on the said Courtland Avenue, including the plaintiff and his automobile.

"b.  Said defendant carelessly and negligently failed to apply the brakes of his automobile when he saw, or in the exercise of reasonable care of a person of ordinary prudence under the same or similar circumstances should have seen, that a collision was imminent.

"c.  Said defendant carelessly and negligently failed to control the automobile which he was operating so as to avoid running into and colliding with the automobile of the plaintiff, when the defendant saw, or in the exercise of reasonable care of a person of ordinary prudence under the same or similar circumstances should have seen, that a collision was imminent.

"d.  Said defendant carelessly and negligently operated his said automobile as he backed north on said Courtland Avenue, at a speed which was not reasonable and prudent under the circumstances then and there existing, to-wit: At a speed of ten to fifteen miles per hour, when a reasonable and prudent speed under the circumstances would have not been more than two miles per hour."

Appellee answered said complaint under Rule 1-3, thereby putting the cause at issue.  The cause was submitted to the trial court; evidence was heard; and there was a finding and judgment as above set forth.  Appellant filed a Motion for a New Trial alleging that:

"1.  The finding of the court is contrary to law.
"2.  The finding of the court is not sustained by sufficient evidence.
"3.  The finding of the court is contrary to law and is not sustained by sufficient evidence."

Said motion for a new trial was overruled, resulting in this appeal.

The only assigned error is that the trial court erred in overruling appellant's Motion for a New Trial.

The record herein most favorable to appellee tends to reveal that appellant, as he testified, was a visitor in the home

of Cliff Stover at 1615 North Courtland Avenue, and as he was leaving Mr. Stover's house, appellant asked one Claude Vandergriff if he would give appellant a push as his battery was dead. Appellee's said car was also on the west side of the said avenue, parked two car lengths ahead of appellant's car. Although the said avenue provided for two-way traffic, parking was permitted only on the west side thereof.

At the time appellant was struck, he was waiting for appellee "to come and give me a push."

Appellant appears to have offered in evidence certain interrogatories, as well as the answers thereto, but his brief does not set forth whether they were admitted. However, whether admitted or rejected, it is quite apparent that appellant testified in open court to approximately what his answers to said interrogatories contained and if the interrogatories and answers thereto were offered into the evidence for impeachment purposes, the trial judge, by his finding and judgment, has disposed of any issue relative thereto.

Claude Vandergriff, a witness for appellee, testified in material substance that he too was visiting in the Stover home; that during the evening in question, appellee and his wife, witness' brother-in-law Dennis Caldwell from Tennessee, Green, the appellant, Frazier, the appellee, and Clyde Bell were there. Appellant first "asked me if I would push him. I told him I didn't think my bumpers would line up with his, so Mr. Frazier pushed him, was going to. Bell, Green, Frazier and I walked outside. I don't know what we talked about as we walked outside. Bell, Frazier, Green, Caldwell and I were out there on the sidewalk in front of the house and Frazier said for us to wait there until he got his car and he would push it. Mr. Bell and I were standing on the sidewalk right along in there sir. I wasn't paying any attention to Mr. Frazier going to his car and getting in and starting the motor. Bell, Caldwell and I were talking there on the sidewalk and really wasn't paying any attention to either of them. It was

raining at the time, but not too hard. I did hear Mr. Frazier tell the group there to 'Wait there, on the sidewalk.' We were all there at the time."

Although there was other evidence of other and additional facts, we feel that we have set forth a sufficient resumé of the evidence to support our decision.

In support of his argument, appellant asserts Propositions I to VII, both inclusive, as follow:

### PROPOSITION I

"THE DEFENDANT FAILED TO KEEP A PROPER LOOKOUT FOR AUTOMOBILES AND PEDESTRIANS, INCLUDING PLAINTIFF, LAWFULLY UPON THE HIGHWAY.

### PROPOSITION II

"THE DEFENDANT FAILED TO APPLY HIS BRAKES WHEN HE SAW OR SHOULD HAVE SEEN THAT A COLLISION WAS IMMINENT.

### PROPOSITION III

"THE DEFENDANT FAILED TO CONTROL HIS AUTO-MOBILE WHEN HE KNEW OR SHOULD HAVE KNOWN THAT A COLLISION WAS IMMINENT.

### PROPOSITION IV

"DEFENDANT BACKED HIS CAR AT A SPEED THAT WAS NOT REASONABLE UNDER EXISTING CIR-CUMSTANCES.

### PROPOSITION V

"PLAINTIFF WAS NOT GUILTY OF CONTRIBUTORY NEGLIGENCE.

### PROPOSITION VI

"PLAINTIFF DID NOT ASSUME THE RISK.

### PROPOSITION VII

"DEFENDANT'S UNCONTRADICTED TESTIMONY CANNOT BE REJECTED TO DEFEAT PLAINTIFF'S ACTION."

Not a single one of appellant's propositions can be sustained. Here, we are treating with a negative judgment based upon a negative finding, that is, a finding by the trial court that appellant was not entitled to recover. The evidence above set forth is sufficient to sustain the finding, appellant's argument to the contrary notwithstanding.

A very long list of Indiana authorities could be cited to support our stated conclusion on the questions presented by this appeal, the outline of which appears in appellant's Motion for a New Trial.

As stated by Judge Arterburn for our Supreme Court, in *Hinds, Executor Etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553:

> ". . . The error assigned is the overruling of the motion for a new trial, the first specification being that the verdict of the jury is not sustained by sufficient evidence. We have repeatedly held that such assignment of error presents no question for review where the verdict is negative. *Capes* v. *Barger* (1953), 123 Ind. App. 212, 109 N. E. 2d 725; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474. However, a negative verdict may be attacked under the second specification, namely, the verdict of the jury is contrary to law. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905."

*Hinds, supra,* also answers appellant's assertion that the decision is contrary to law, as follows:

> "If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. To determine this question we may consider only the evidence most favorable to the appellees, together with all reasonable inferences which may be drawn therefrom.
>
> " 'It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law.' *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669."

Further remarks do not appear to be warranted, except perhaps to state that we find many appeals predicated upon the assertions herein presented. Much time and expense must be involved in attempting to present and to write opinions, again reemphasizing what has come to be a rule of law so well founded and often expressed that it should appear to be useless to continue the experience.

Judgment affirmed.

Smith, C.J., Bierly and Hunter, JJ., concur.

NOTE.—Reported in 216 N. E. 2d 362.