CLOVERLEAF FARMS, INC. *v.*
ROY E. SURRATT AND THELMA SURRATT.

[No. 1-1275A237. Filed June 29, 1976.]

*J. C. Burris, Burris & Gross,* of counsel, of Indianapolis. *Lind, Deckard & O'Brien,* of Danville, for appellant.

LYBROOK, J.—Appellant-defendant, Cloverleaf Farms, Inc. (Cloverleaf), appeals from a judgment in the sum of $3,318.34, awarded after a court trial, to appellee-plaintiffs Roy E. Surratt and Thelma Surratt (Surratt). The award was granted for a change in the drainage of surface water caused by the construction of a housing addition by Cloverleaf on land adjacent to and east of Surratt's property. The housing construction caused surface water which had previously flowed across Cloverleaf's land to stand on that of Surratt.

We reverse.

Cloverleaf's principal contention is that as a landowner it is not liable for damages arising from a change in the flow of surface water occasioned by alterations in its land. Cloverleaf further argues that a release executed by Surratt was im-

properly rescinded and that the measure of damages applied by the trial court was incorrect.[1] Surratt failed to submit an answer brief to this court.

In the case at bar all witnesses agreed that prior to construction of the housing addition by Cloverleaf adjacent to Surratt's land, surface water flowed east to a creek approximately one-half mile distant. Subsequent to the construction of houses on the then raised adjacent land, surface waters no longer flowed east but accumulated on Surratt's property.

It is well settled that water running over land outside of and apart from any natural and artificial water course is surface water. It is also equally well established under what has been termed the "Common Enemy Doctrine" that a lower property owner may dam against such water to prevent it from entering onto his land and that he cannot be held liable for damages resulting from the accumulation of water above the obstruction or because such obstruction causes the water to flow onto the lands of another. *Watts* v. *Evansville, Mt. Carmel and Northern Railway Co.* (1921), 191 Ind. 27, 129 N.E.2d 315; *Gwinn* v. *Myers* (1955), 234 Ind. 560, 129 N.E.2d 225; *Capes* v. *Barger* (1953), 123 Ind. App. 212, 109 N.E.2d 725; *Thompson* v. *Dyar* (1955), 126 Ind. App. 70, 130 N.E.2d 52; *Lowe* v. *Loge Realty Co., Inc.* (1966), 138 Ind. App. 434, 214 N.E.2d 400. The only limitation outlined in the above cases is that a landowner may not collect surface water into a body and then discharge it onto another's land. *Accord, Gene B. Glick Co., Inc.* v. *Marion Construction Corp.* (1975), 165 Ind. App. 72, 331 N.E.2d 26.

In light of the unanimity of opinion among the cases arising in this State, and the certainty of the facts as adduced by Surratt, it is clear that the instant case must be reversed. Buttressing this conclusion is the absence of any proof that Cloverleaf collected surface water and propelled it in a body onto Surratt's property.

---

1. Because of the disposition of the first issue the last two need not be dealt with.

Judgment reversed.

Robertson, C.J., and Lowdermilk, J., concur.

NOTE.—Reported at 349 N.E.2d 731.