Walter H. GILMER and Helen Gilmer,
Defendants-Appellants,

v.

BOARD OF COMMISSIONERS OF
MARSHALL COUNTY, Indiana,
Plaintiff-Appellee.

No. 3–1280A397.

Court of Appeals of Indiana,
Third District.

Dec. 10, 1981.

Marshall F. Kizer, Kizer, Neu, Joyce, Hite & Wyland, Plymouth, for defendants-appellants.

Kenneth M. McDermott, McDermott Law Office, Plymouth, for plaintiff-appellee.

GARRARD, Judge.

This is an interlocutory appeal from the granting of a temporary injunction and the court's subsequent refusal to dissolve the injunction.

The evidence disclosed that surface waters flowed across Hickory Road and onto farmland owned by Gilmer. There was evidence that the roadbed at the point in question had sunk about four feet since it was constructed in 1928. This occurred because it was built over muck.

Gilmer acquired the land in 1964 and sought to have the county commissioners put in a ditch that would drain the surface waters occurring from rains. They, however, declined to do anything because of lack of funds.

In 1967 Gilmer built a levee, or dike, along the eastern boundary of his field to keep back the water. This he would periodically repair. In 1979 he repaired the levee and lengthened it so that it extended some two to three hundred yards along Hickory Road at a height of about 3½ feet above the low point in the road. This repelled the water from Gilmer's fields but caused the road to be covered with water after heavy rains. The commissioners then brought this action to secure an injunction against maintenance of the levee.

The court found that Gilmers created the levee on their own land and that by repelling surface water they created a nuisance. It then granted a temporary injunction requiring a portion of the levee taken down and enjoined Gilmers from interfering with the flow of surface waters.

Following removal of a section of the levee, Gilmers' field was flooded by surface water coming across Hickory Road. They lost six acres of planted corn and suffered an 80% loss on an additional four acres.

■ Gilmers petitioned to dissolve the temporary injunction and when their petition was denied, they appealed.[1] Our standard of review considers whether or not the trial court abused its discretion in refusing to dissolve the preliminary injunction. *Peters v. Davidsen, Inc.* (1977), 172 Ind.App. 39, 359 N.E.2d 556. The trial court should consider the probability that the plaintiff will prevail on the merits of the case and the law applicable to the facts as relevant factors in reaching its decision. *Elder v. City of Jeffersonville* (1975), 164 Ind.App. 422, 329 N.E.2d 654. Here it appears the trial court ignored the relevant Indiana law concerning surface water. That was an abuse of discretion.

Gilmers present to us a collection of Indiana decisions acknowledging a lower landowner's right to repel surface waters under the "common enemy" doctrine. *See Gwinn v. Myers* (1955), 234 Ind. 560, 129 N.E.2d 225; *Schlichter v. Phillipy* (1879), 67 Ind. 201; *Cloverleaf Farms, Inc. v. Surratt* (1976), 169 Ind.App. 554, 349 N.E.2d 731; *Thompson v. Dyar* (1955), 126 Ind.App. 70, 130 N.E.2d 52; *Capes v. Barger* (1953), 123 Ind.App. 212, 109 N.E.2d 725; *Hart v. Sigman* (1903), 32 Ind.App. 227, 69 N.E. 262.

1. In the findings entered following the petition to dissolve, the court altered its original findings by stating that some of the levee was on the right-of-way held by the county. Needless to say, Gilmers' rights do not extend to the power to trespass and, if they own the underlying fee, are clearly colored by the right-of-way granted.

In another case, decided today, we have examined both the "common enemy" doctrine in dealing with surface waters and the so-called civil law rule. *Rounds v. Hoelscher* (1981), Ind.App., 428 N.E.2d 1308 (1981). We concluded that both rules with their attendant modifications have been espoused in Indiana and that the rules of law emerging therefrom are incompatible and lead to contradictory results.

Accordingly, we have concluded that Indiana should adopt the more modern "reasonable use" theory of liability, both as a solution to the inherent contradictions posed in our prior decisions and as a better approach to modern land use problems as they exist in Indiana.

We therefore reverse the trial court's decision and remand for further proceedings consistent herewith and with our decision in *Rounds v. Hoelscher.*

Reversed and remanded.

STATON, J., concurs.

HOFFMAN, P. J., concurs in result and files separate opinion.

HOFFMAN, Presiding Judge, concurring in result.

I concur in the result reached by the majority. For the reasons stated in my concurring opinion in *Rounds v. Hoelscher* (1981) Ind.App., 428 N.E.2d 1308, I believe that, pursuant to the common enemy rule, the Gilmers had an absolute right to build the levee and obstruct the flow of surface water across their land. The temporary injunction should therefore be dissolved.