**Kenneth PICKETT and Jane Pickett Appellants (Plaintiffs Below),**

v.

**Joan BROWN and Robert Brown Appellees (Defendants Below).**

No. 06A01–9009–CV–363.

Court of Appeals of Indiana, First District.

April 15, 1991.

William G. Brown, Brazil, for appellants.

Lawrence D. Giddings, Giddings, Whitsitt & McClure, Lebanon, for appellees.

ROBERTSON, Judge.

Kenneth and Jane Pickett appeal the granting of Joan and Robert Browns' Ind. Trial Rule 50 motion at the close of the evidence in the Picketts' suit against the Browns to recover damages to the Picketts' property caused by the flow of water and mud from the Brown's property onto the Picketts' property brought about by the construction of the Browns' home. The trial court granted the T.R. 50 motion stating that the common-enemy doctrine precluded the Picketts' recovery. The Picketts raise three issues, none of which constitutes reversible error.

## FACTS

The facts in the light most favorable to the Picketts indicate that the Browns purchased a vacant lot adjoining and uphill from the Picketts' home. The Browns built a new home on their lot; and as a result, the natural flow of water and mud was altered such that it flowed onto the Picketts' property. The Picketts hired an excavator at their own expense to improve the drainage of their lot and the drainage problem has been corrected.

Additional facts are supplied as necessary.

## DECISION

Our review of an Ind. Trial Rule 50 motion for a judgment on the evidence, the evidence must be viewed in the light most favorable to the nonmoving party. *Teitge v. Remy Construction Co., Inc.* (1988), Ind.App., 526 N.E.2d 1008. If there is any evidence of probative value or any reasonable inference to be drawn therefrom which supports the plaintiff's claim, or if the evidence conflicts such that reasonable minds might draw differing conclusions, a judgment on the evidence is inappropriate. *Id.*

■ Indiana has adopted the common-enemy doctrine of water diversion. *Argyelan v. Haviland* (1982), Ind., 435 N.E.2d 973. Under the common-enemy doctrine, it is not unlawful to accelerate or increase the flow of surface water by limiting or eliminating ground absorption or changing the grade of the land. *Id.* An owner of land has the right to occupy and improve it in such manner and for such purposes as he may see fit including changing the surface or by erecting buildings thereon. *Id.* This right to occupy and improve one's land is not restricted or modified by the fact that his land is so situated with reference to the land of an adjoining owner that alteration in the mode of its improvement or occupation will cause water either to stand in unusual quantities on the adjacent lands or pass into or over the adjacent lands in greater quantities or in other directions than the waters were accustomed

to flow. *Id.* An owner of land acting consistently with the due exercise of dominion over his own soil may obstruct or alter the flow of surface water and no cause of action on the behalf of a person who may suffer loss or detriment therefrom will lie. *Id.* In *Argyelan,* the owners of a vacant commercial lot improved their lot by constructing some buildings and paving a parking lot. *Id.* These improvements caused surface water to drain onto the plaintiffs' lot in a manner not experienced previously which resulted in substantial damage to the plaintiffs' property. *Id.* Our supreme court held that no cause of action was afforded the plaintiffs under the common-enemy doctrine.

## I.

Whether the trial court erred in granting the defendants' motion for judgment on the evidence because the plaintiffs stated a cognizable claim for an action on a nuisance under IND.CODE 34-1-52-1?

■ The Picketts argued for the first time at trial in defense of the Browns' motion for a judgment on the evidence that they had a cognizable claim against the Browns as an action on a nuisance under I.C. 34-1-52-1. We may summarily dismiss this contention by the Picketts because in *Gilmer v. Board of Commissioners of Marshall County* (1981), Ind.App., 428 N.E.2d 1318, *trans. denied,* (1982), Ind., 439 N.E.2d 1355 (J. Hunter dissenting), we held that the characterization of an action for the recovery of damages caused by the flow of surface water as one based on a nuisance could not circumvent the well-settled law in Indiana regarding surface water. *See also,* Gwenn R. Rinkenberger, *Landowner's Right to Fight Surface Water: The Application of the Common Enemy Doctrine in Indiana,* 18 Val. U.L.Rev. 481 (1984).

## II.

Whether the trial court erred in granting the Browns' motion for judgment on the evidence because the Picketts had established an exception to the common-enemy doctrine?

■ The Picketts assert they established the following exception to the common-enemy doctrine recognized in *Argyelan,* 435 N.E.2d at 976:

> Although Indiana doubtlessly would not permit a malicious or wanton employment of one's drainage right under the common enemy doctrine, it appears the only limitation upon such rights that we have thus far judicially recognized is that one may not collect or concentrate surface water and cast it, in a body, upon his neighbor.

The Picketts presented evidence that bad feelings existed between the parties as a result of an unrelated dispute over an easement. The Picketts assert further that evidence was presented to the effect that—before the Browns improved their property—the surface water collected upon the Browns' land and then—after the Browns improved their property—the water coursed onto the Picketts' property. This evidence, the Picketts assert, demonstrates malice and places this case within the exception to the common-enemy doctrine.

We agree with the trial court that there is no evidence of probative value or any reasonable inference to be drawn therefrom which supports the Picketts' claim that the Browns maliciously channeled or accumulated and cast water upon the Picketts' property. No evidence was presented to the effect that the Browns—in constructing their home—performed any act inconsistent with the due exercise of the dominion over their soil. The only reasonable inference with regard to the evidence concerning the altered flow of the surface water is that the process of constructing the Browns' home "naturally" altered the flow of the surface water such that it drained upon the Picketts' property.

The probative evidence and the reasonable inferences to be drawn therefrom place this case squarely within the application of the common-enemy doctrine as described in *Argyelan,* 435 N.E.2d 973. We hold that the trial court's disposition of this case by way of the Browns' T.R. 50 motion

was appropriate. Therefore, we find no error.

### III.

Whether the Court of Appeals should abandon the common-enemy doctrine?

Finally, the Picketts urge us to reverse the common-enemy doctrine. They assert the doctrine was born in an agrarian age and has no applicability in today's predominantly urban society. They assert further that the application of the common-enemy doctrine can effect harsh results.

We abandoned the common-enemy doctrine in favor of a different rule called the "rule of reasonable use" in *Rounds, et al. v. Hoelscher* (1981), Ind.App., 428 N.E.2d 1308; *see also, Gilmer,* 428 N.E.2d 1318. However, our supreme court promptly pinned our ears back and reasserted the common-enemy doctrine as the law in Indiana in *Argyelan,* 435 N.E.2d 973. Therefore, as we have experience in this area, we respectfully decline the Picketts' invitation to reverse supreme court precedent.

Judgment affirmed.

RUCKER, P.J., and BAKER, J., concur.